72 U.S. 819
 18 L.Ed. 613
 5 Wall. 819
 WITHENBURY
v.
UNITED STATES.
 December Term, 1866
 
 APPEAL from the District Court of the United States for the Southern District of Illinois.
 Several libels were filed in that court for the condemnation, as prize of war, of large quantities of cotton and other property captured on the interior navigable waters of the United States, or on land adjacent thereto. On motion, these libels were consolidated, and various claims were interposed in the consolidated suit for portions of the property libelled. Among these claims was that of Withenbury & Doyle. They denied the validity of the capture, and insisted on their own title to nine hundred and thirty-five bales of the cotton.
 Upon hearing of the cause as to this claim, an order was made dismissing the claim, with costs, for which execution was ordered.
 From this decree the appeal now pending was taken, and a motion for dismissal was now made, upon the ground that the decree was not final, and therefore was not within the jurisdiction of this court.
 A motion of a similar sort was made and argued at the same time in another and similar appeal, Le More v. United States.
 
 Messrs. Ashton, Assistant Attorney-General, and Cushing, in support of the motion:
 
 No disposition has yet been made of the libel, or of the cotton or its proceeds. The suit still remains pending in the District Court for the Southern District of Illinois. In Humiston v. Stainthorp,* this court, on a question of what is a final decree, assumed as of course the doctrine of The Palmyra, a case in admiralty, and where Marshell, C. J., says:
 
 
 1
 'The appeal is not well taken. The decree of the Circuit Court was not final in the sense of the act of Congress. The damages remain undisposed of, and an appeal may still lie upon that part of the decree awarding damages. The whole cause is not, therefore, finally determined in the Circuit Court, and we are of opinion that the cause cannot be divided so as to bring up successively distinct parts of it.'
 
 
 2
 The inconvenience of admitting, in contradiction to the decision of the court in the case of The Palmyra, that a cause in admiralty can be divided so as to bring up successively distinct parts of it, is illustrated in the present case by the fact that not only have Withenbury & Doyle taken an appeal on their claim, leaving the cotton and the libel against it in the court below, undisposed of, but that other parties, namely, Le More, claiming a part of the same cotton on the same libel, but adversely to Withenbury & Doyle, have also taken an appeal, and entered it there. Thus we have two adversary sets of claimants, each splitting off from the main case, and from one another, and coming here with their appeals, while the main case still remains in the inferior court. Can appeals be thus evolved indefinitely from the body of one case? We think not; but that on rejecting all the claims against this parcel of cotton, the court below should have proceeded to determine the question of prize, and after that to decide what to do with the proceeds of the cotton, and then to enter a final decree. Upon such a decree any or all parties might have appealed in due form.
 
 
 Mr. R. M. Corwine, contra:
 
 
 3
 This is a definite sentence in admiralty; which is a final decree. It dismisses the claimant from the case. He has no further voice in its conduct. It is final as to him and his property. The evil impending cannot be repaired by an appeal from a long-deferred definite or final decree of the whole case, or the disposition of all the claims filed in it. Execution of this sentence must go forth in the absence of an appeal. The claimants then have no other remedy than this appeal.
 
 
 4
 The CHIEF JUSTICE delivered the opinion of the court.
 
 
 5
 It appears from the record that the decree disposed of the whole matter in controversy upon the claim of Withenbury & Doyle. It was final as to them and their rights, and it was final also so far as the claimants and their rights are concerned as to the United States. It left nothing to be litigated between these parties. It awarded execution in favor of the libellants against the claimants.
 
 
 6
 We think that such a decree in a prize cause must be regarded as final within the meaning of the Judiciary Acts, and that we have jurisdiction of the appeal from it.
 
 
 7
 The appeals in The Bermuda case, and in the case of the Alexander cotton, were of the same character with that now before us. In neither of these cases had all matters arising upon the libel and the claims been finally disposed of. In the first the appeal was by claimants of part of the property libelled, whose claims has been dismissed and the property claimed by them condemned. In the other the appeal was by the United States from a decree of restitution in favor of a claimant of part of the property libelled, in the same consolidated cause from a decree in which, against another claimant, the appeal which we are now asked to dismiss was taken.
 
 
 8
 It is true, that in the cases just referred to no question of jurisdiction was made at the bar, but it existed necessarily in each cause, and was practically determined in favor of the jurisdiction, and, as we still think, rightly determined.
 
 
 9
 The motion to dismiss is therefore denied.
 
 
 10
 The motion to dismiss the appeal in Le More v. United States depends on like facts and the same principles with that just decided, and must also be denied.
 
 
 11
 Mr. Justice CILFFORD dissented.
 
 
 
 *
 2 Wallace, 106.
 10 Wheaton 502; and see Montgomery v. Anderson, 21 Howard, 386.