# HILL v. CHICAGO AND EVANSTON RAILROAD COMPANY.

## APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 246.  Argued March 24, 1891. — Decided April 20, 1891.

The decree of June 8, 1885, dismissing the bill in this case as to certain parties for want of equity, and denying relief to complainant "upon all matters and things in controversy," which was before this court in *Hill v. Chicago & Evanston Railroad*, 129 U. S. 170, was a final decree as to all matters determined by it; and its finality is not affected by the fact that there was left to be determined by the master, a further severable matter in which the appellant parties had no interest.

IN EQUITY.  The case is stated in the opinion.

*Mr. M. D. Grover* for appellant.

*Mr. John W. Cary* for appellees who were not dismissed by the decree of June 8, 1885.

*Mr. John N. Jewett* for the appellees who were dismissed by the decree of June 8, 1885, submitted on his brief.

MR. JUSTICE FIELD delivered the opinion of the court.

This is a suit in equity to compel a transfer to the complainant of certain shares of the capital stock of the Chicago and Evanston Railroad Company, and for other relief. It is brought against numerous defendants, who are alleged to be interested more or less in the several contracts and transactions out of which the claim of the complainant arises.

Issue having been joined by the replication to the answer, evidence was taken, and upon the pleadings and proofs the case was brought to a hearing in May, 1885, before the Circuit Court of the United States for the Northern District of Illinois. On the 9th of June following a decree was made, by which,

among other things, it was ordered and decreed that the bill be dismissed for want of equity as against certain of the defendants named, and that relief be denied to the complainant " upon all matters and things in controversy " therein, except as to the amount of money paid by the defendant William C. Goudy for right of way in execution of a certain contract designated; and that for the purpose of ascertaining that amount the case be retained as to the other defendants, and be referred to a master in chancery to take additional testimony on that subject, and to report the amount paid; the court also declaring that on the making of the report such further decree would be rendered as might be equitable.   The defendants against whom the case was thus retained were the Chicago and Evanston Railroad Company and its directors, constituting the only parties interested in the amount to be ascertained. From this decree the complainant prayed an appeal, which was allowed, upon the filing of the specified bond with sureties to be approved by the court.   No such bond was given, nor was the appeal perfected, nor the record filed in this court at its next subsequent October term.   In January, 1889, the appeal was on motion dismissed, this court following in that respect its repeated decisions that it has no jurisdiction of an appeal, unless the transcript of the record is filed here at the next term after the appeal is taken.   *Hill* v. *Chicago & Evanston Railroad,* 129 U. S. 170, 174.

The master in chancery took testimony upon the subject of the amount paid by the defendant Goudy, as directed, and in January, 1887, made his report, which, on the 14th of July following, was confirmed; and the court thereupon ordered and decreed that the Chicago and Evanston Railroad Company forthwith pay to the complainant the sum of $6513, with interest, and the costs of the reference and of the suit; and also that all other relief prayed by the complainant be denied as against that company, and that the bill be dismissed against the remaining defendants for want of equity, with costs. From this decree the complainant prayed an appeal, which was allowed and perfected.

The case is now before the court upon this last appeal, and

the question is whether, upon it, any of the matters which were determined by the decree of June 8, 1885, are again open for consideration. All the errors alleged relate to that decree; none are assigned to the decree of July 14, 1887.

We are of the opinion that the decree of June 8, 1885, was a final decree, within the meaning of that term in the law respecting the appellate jurisdiction of this court, as to all matters determined by it, and that they are closed against any further consideration. It disposed of every matter of contention between the parties, except as to the amount of one item, and referred the case to a master to ascertain that. It dismissed the bill against several defendants for want of equity, and denied relief to the complainant upon all matters in controversy except as to that amount, and retained the case only as against the parties interested in that matter. The rights and liabilities of all the parties were in other respects determined.

But there was no adjudication as to the payment of the amount to be ascertained by the master; that remained unsettled. It was, however, a severable matter from the other subjects of controversy and did not affect their determination. The fact that it was not disposed of did not change the finality of the decree as to the defendants against whom the bill was dismissed; that amount, or to whom made payable, did not concern them. They were no longer parties to the suit for any purpose. The appeal from the subsequent decree did not reinstate them. All the merits of the controversy pending between them and the complainant were disposed of, and could not be again reopened, except on appeal from that decree. As to the other parties, it remained to ascertain the amount of one item and to determine as to its payment. The decree of July 14, 1887, covered that matter, and finally disposed of it. The decree of June 8, 1885, was appealable as to the matters which it fully determined; so also was the decree of July 14, 1887, as to the severable matter which it involved. *Todd* v. *Daniel*, 16 Pet. 521; *Forgay* v. *Conrad*, 6 How. 201; *Withenbury* v. *United States*, 5 Wall. 819; *Germain* v. *Mason*, 12 Wall. 259; *Milner* v. *Meek*, 95 U. S. 252. But the time

to appeal from the first decree elapsed; and, no question being raised as to the second decree, that of July 14, 1887, it must be                                 *Affirmed, and it is so ordered.*