KLEVER et al. v. SEAWALL et al.

(Circuit Court of Appeals, Sixth Circuit. May 14, 1894.)

No. 150.

1. PRACTICE — FINAL JUDGMENT UPON ONE OF SEVERAL CAUSES OF ACTION — WRIT OF ERROR.

It does not affect the finality of a judgment that the cause of action upon which it was rendered was united, in the same petition, with other causes of action, which have not yet been finally adjudicated; and the time for suing out a writ of error upon such final judgment runs from its entry, without reference to the disposition of such other causes of action.

2. SAME — VACATING JUDGMENT AFTER THE TERM.

The circuit courts of the United States are without power to set aside a final judgment, for error of law, after the term at which it was entered, and when no motion for the purpose had been filed before the close of the term.

3. SAME — OCCUPYING CLAIMANT'S LAW OF OHIO.

Under the occupying claimant's law of Ohio (St. Ohio, §§ 5786–5795), providing that a person in possession of lands under a certain specified color of title shall not be evicted under an adverse title until compensated for improvements, and that the court rendering judgment against such an occupying claimant shall make an entry of the claim, provide for a trial of the questions of fact by a jury, and enter judgment in certain forms, according to the facts found, a claimant, in order to avail himself of the benefit of the act, must give notice of his claim before or at the time of entering judgment for the plaintiff, and is barred therefrom by the entry of a judgment for the recovery of the real estate before the interposition of his claim.

In Error to the Circuit Court of the United States for the Eastern Division of the Southern District of Ohio.

This was an action by J. Hairston Seawall and others against J. M. Klever and Edmund Klever for the recovery of an undivided interest in certain lands, for mesne profits, and for partition. Judg-

ment was entered for the plaintiffs, by default, for the recovery of the land and the mesne profits, and for partition to be made by commission. After the term at which such judgment was entered, defendants moved to set it aside, and also made an application for the allowance of the value of improvements under the occupying claimant's law of Ohio. The court denied both motions. Defendants bring error.

The defendants in error, and plaintiffs below, filed their petition in the circuit court for the Southern district of Ohio, Eastern division, seeking to recover from J. M. Klever and Edmund Klever an undivided one-third of a tract of 100 acres in Fayette county, Ohio, in the said district and division. The petition was filed October 7, 1889. It made the necessary allegations of diverse citizenship of the plaintiffs and defendants, averred that the value of the one-third of the tract sued for exceeded $2,000, and asked judgment for $800, as damages for the unlawful detention. The defendants were duly served with summons. J. M. Klever filed an answer August 5, 1890, in which he averred that the one-third of the land described in the petition was of a less value than $2,000, and that the court had no jurisdiction. He denied the title of the plaintiffs. He averred that the tract in question was not owned or possessed in common by himself and his codefendant, but that he himself owned 61 acres in severalty, and his brother and codefendant owned the remainder in severalty; and he therefore pleaded a misjoinder of causes of action. On January 10, 1891, the plaintiffs below, by leave of court, filed an amended petition, in which they repeated the averments of the original petition, increasing the amount claimed for damages and rents and profits to $8,000; and, in addition to a prayer for possession of the land and a judgment for $8,000, they added the following: "They also pray for the partition of said real estate, and that their undivided estate therein may be set off to them in severalty."

On February 10, 1891, the defendants filed the following motion: "And now come the defendants, and move the court to strike the amended petition of plaintiffs from the files: (1) Because said amended petition states and sets forth other and different causes of action than are set forth in the petition, and is not an amendment to the cause of action in the petition. (2) Said amended petition pretends to set forth a cause of action in equity, while said original petition is an action at law. (3) The amended petition sets forth several different causes of action not contained in the petition." This motion the court overruled February 21, 1891, by the following entry: "This cause came on to be heard on the motion of the defendants to strike the amended petition of the plaintiffs from the files on the grounds therein stated, was argued by counsel, and submitted to the court, on consideration whereof the court finds said motion not well taken, and doth overrule the same, to which defendants except. The defendants are hereby given 30 days in which to answer the amended petition." The defendants filed no answer, nor did they ask leave to refile the answer to the original petition as an answer to the amended petition within the 30 days allowed by the foregoing entry. Nothing whatever was done in the case by either party until December 16, 1891, when, upon the application of the plaintiffs, the court gave judgment by default against the defendants, James M. Klever and Edmund Klever. The court found that the said defendants had been duly served with process, and that they were in default for answer or demurrer to the amended petition, and that, from the evidence and exhibits, the allegations of the amended petition were true, and ordered and adjudged that the plaintiffs recover from the said defendants, and each of them, an equal undivided one-third part and interest in the real estate described in the amended petition, and the costs therein expended. The court then proceeded to order partition of the interest adjudged to the plaintiffs and the several interests found to belong to the defendants. In the event of its being impossible to divide the parts of the tract without manifest injury, the commissioners were ordered to value the same in money. It was further considered by the court that plaintiffs recover one-third of the rents and profits of the land from January 10, 1885, to be determined by a special master commissioner. The term of court at which this judgment was entered closed on

the day before the 1st Tuesday in June, 1892. A writ of partition issued on this judgment June 16, 1892, and was returned not served. On June 17, 1892, the time for executing the writ was extended from March 15, 1892, the date fixed in the judgment, until October 1, 1892. On June 19, 1892, an alias writ of partition issued. On August 27th, and before this writ was executed, defendants filed a motion to set aside the judgment rendered December 16, 1891. The motion was as follows: "Now come the defendants, and move the court to vacate and set aside the judgment and decree heretofore rendered and entered in this cause on the 16th day of December, 1891, for the following reason, to wit: Said judgment and decree was irregularly obtained, in this: (1) Said defendants were represented in said cause by counsel who had appeared and assisted in the hearing of a motion and demurrer, and had filed the answers of these defendants to the petition, which said answers were still pending and on file at the time said judgment and decree was taken, and the defenses therein set up unadjudicated by the court; and said judgment and decree was taken and entered without any notice to defendants or their said counsel, although counsel for plaintiffs were well aware and understood that these defendants were represented by counsel, and desired to and were making a defense herein. (2) Said judgment and decree was entered as on default while there were issues made up by the said answers of these defendants to the petition, which these defendants had the right to have tried by a jury. (3) Said judgment and decree was taken and entered as on default for answer while these defendants' said answers were on file and undisposed of. (4) Said judgment and decree was taken as on default for answer to the amended petition filed herein, while said amended petition contained no new matter except a prayer for the partition of said premises in case the title of plaintiffs should be found and established to the one-third part thereof, and the original petition had been and was then fully pleaded to by said answers of defendants, and the issues as to said title of plaintiffs fully made up. These defendants were wholly unaware of the rendition of said judgment and decree until on or about the —— day of July, 1892." This motion was overruled, and the following bill of exceptions was taken, to show the evidence upon which the action of the court was based:

"Be it remembered that on the hearing of the motion to set aside the default and the said judgment of the court rendered thereon on the 16th day of December, 1891, the defendants tendered to the court answers putting in issue all the facts alleged in the amended petition, and offered evidence to show that said judgment was taken without having said cause noted for trial, and without notice to defendants, and that the defendants had no actual notice of said judgment having been taken until a few days prior to the 21st day of July, 1892, when the special master wrote to defendants' attorney of his intention to take testimony on the 21st day of July, 1892, as to rents and profits, which was done on said date. Also, Mills Gardner, attorney for the defendants, stated to the court, professionally, in explanation of the fact that no answer to the amended petition had been filed, that he, as attorney for the defendants, relied on the original answer of the defendants to the petition as putting in issue all the statements and allegations of the amended petition, and deemed no further answer on behalf of the defendants necessary for the putting in issue of the question of the ownership and right of possession of plaintiffs in and to the real estate described in the petition, and for those reasons he, on behalf of the defendants, filed no further answer, nothing of which so stated, however, he had communicated to the plaintiffs or their attorneys. That he, as attorney for said defendants, had no actual notice, knowledge, or information that said judgment was to be or had been taken till a few days prior to the 21st day of July, as aforesaid. It appeared to and was further found by the court that, by the rules of practice in the circuit court of the United States for the Southern district of Ohio, no cases can be or should be noted for trial except when at issue, and that no notice of any kind to the adverse party is required in taking default judgment. And this was all the evidence offered by either party. And the court having overruled said motion of the defendants, and refused to set aside default judgment, and permit defendants to plead further to said amended petition, the defendants duly excepted to said ruling and decision of the court at the time, and tender

this, their bill of exceptions, which is allowed, signed, sealed; and ordered to be made part of the record.

"[Seal.]                                    George R. Sage, U. S. District Judge,
    "Sitting in and Holding the Circuit Court in the Above-Entitled Cause."

The commissioners made return of their doings on October 27, 1892. In their report they say, among other things: "As there had been no recent survey of the lands, we employed a competent surveyor, as by said decree we were authorized to do; and our partition is based on the amount of land in each of said tracts, as shown by said resurvey, the report of which is filed herewith. In respect of improvements, the buildings on the several tracts hereinafter partitioned and allotted are all set off to the respective defendants, but their value is taken into account in making partition." They then reported that, of the 67-acre tract in possession of James M. Klever, they set off to him 44.74 acres, and the remainder, or 22.37 acres, to the plaintiffs, and that the 25-acre tract in possession of Edmund Klever could not be subdivided without injury thereto, and they returned the value thereof. The special master reported October 31, 1892, that there was due the plaintiffs, as rents and profits from the 61-acre tract, $536.85, and, from the 25-acre tract, $291.76. On November 2, 1892, plaintiffs moved to confirm the reports of the commissioners in partition and the special master. On December 6, 1892, the defendants filed the following application. "And now come defendants, and still protesting against the former judgments and orders heretofore, and waiving and admitting nothing, say that for more than 60 years defendants and their grantors have been, by connected chain of title of record, in the belief that they were the owners thereof in fee simple, in undisturbed possession of said premises, and have made many lasting and valuable improvements thereon, and paid the taxes and kept up repairs, all of which defendants are justly entitled to have allowed and accounted for, and that the former order of said court as to rents and profits should be modified so as to take account of all of said improvements, taxes, repairs, etc., which these defendants pray may be made accordingly." On May 16, 1893, Judge Sage overruled the motion of the defendants to set aside the judgment (as already stated); denied the foregoing "application" (Seawell v. Crawford, 55 Fed. 729), and entered a judgment confirming the report of the commissioners in partition and of the special master, and ordering the 25-acre tract sold. Exceptions were taken to the action of the court, and a writ of error was sued out from this court to reverse the same.

The following errors were assigned: (1) The court erred in rendering and permitting to be entered the judgment and decree herein on the 1st day of December, 1891, as upon default. (2) The court erred in overruling the motion of defendants to set aside said alleged and pretended judgment entered on said 1st day of December, 1891, and in refusing to permit defendants to further answer and defend against said action. (3) The court erred in refusing to open up and set aside default judgment, if the same was properly entered, and in refusing to permit defendants to file their answer to the amended petition, if any further answer were necessary to put in issue the matters thereof. (4) The court erred in overruling the motion of the defendants to set aside the report of the commissioners in partition. (5) The court erred in overruling the motion of the defendants to set aside the report of the special master commissioner appointed herein to take account of rents and profits.

Mills Gardner and Humphrey Jones, for plaintiffs in error.
Matthews & Cleveland, for defendants in error.

Before TAFT and LURTON, Circuit Judges, and BARR, District Judge.

TAFT, Circuit Judge (after stating the facts). Paragraph 6 of section 5019 of the Revised Statutes of Ohio provides that there may be united in one cause of action "claims to recover real property, with or without damages for the withholding thereof, the rents and

profits of the same, and the partition thereof." "The action for damages for withholding real property and for rents and profits," under the Ohio Code, is the same as the action of trespass for mesne profits at common law. McKinney v. McKinney, 8 Ohio St. 423, 428. The amended petition united three causes of action—First, a suit for recovery of the possession of land; second, an action for trespass for mesne profits; and, third, an action for partition. The judgment entered December 16, 1891, found for the plaintiffs on the first cause of action, and adjudged that they were entitled to the possession of the undivided one-third interest sued for, and awarded the costs on that issue. This was, so far as the first cause of action was concerned, a final judgment. Had the plaintiffs then chosen to ask for it, they might have had execution on the judgment, and the issuance of a writ of possession. A judgment is final when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined. St. Louis, I. M. & S. R. Co. v. Southern Exp. Co., 108 U. S. 24, 28, 2 Sup. Ct. 6. It cannot affect the finality of a judgment that the cause of action upon which it was rendered was united in the same petition with other causes of action which have not yet been finally adjudicated. As the judgment of December 16, 1891, adjudging title and right of possession in plaintiffs, was a final judgment, the time within which a writ of error could be brought to review it began to run from that date, and expired six months thereafter. The writ of error in this case was not sued out until August 28, 1893. We have no power, therefore, to review the correctness of that judgment, and the first assignment, which seeks to have us do so, cannot be sustained.

The second and third assignments of error are directed to the action of the circuit court in refusing to set aside the judgment of December 16, 1891. The entry denying the motion for this purpose was made May 16, 1893, so that, if that action of the circuit court was a final order to which error lies, the writ was sued out in due time. Defendants, by their motion, sought to have the judgment set aside, on the ground that the court had erred in holding the defendants in default for answer to the amended petition, when there was on file an answer of one of the defendants to the original petition, which was broad enough fully to make an issue with the averments under the first cause of action on which judgment was rendered. The motion was made nine months after the rendition of the judgment, and three months after the close of the term at which it was entered. The court is conceded to have had jurisdiction of the parties and the subject-matter. No fraud in procuring the judgment is alleged, but only irregularity, and that consists solely in the court's finding a default to exist when, as the defendants claim, it was not in law a default. It is true there is an averment that the judgment was entered without notice to counsel for defendant, but, if they were in default, they were not entitled to notice.

Before we can consider whether the court was in error in holding defendants to be in default, we are, therefore, confronted with the question whether a circuit court of the United States has the power

to set aside a final judgment for error of law after the term at which the judgment was entered, and when no motion for the purpose had been filed before the close of the term. In Bronson v. Schulten, 104 U. S. 410, it was sought, long after the term at which it had been rendered, to correct a judgment for the recovery of duties erroneously assessed and collected, in which the amount of the recovery was much less than it should have been, through an error of a master to whom the determination of the amount had been referred by agreement of parties. The circuit court granted the motion, but this action was reversed by the supreme court. Mr. Justice Miller, in speaking for the court, said (page 415):

"It is a general rule of the law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them, during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified, or annulled by that court. But it is a rule equally well established that, after the term has ended, all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them; and, if errors exist, they can only be corrected by such proceedings, by a writ of error or appeal, as may be allowed in a court which, by law, can review the decision. So strongly has this principle been upheld by this court that, while realizing that there is no court which can review its decision, it has invariably refused all applications for rehearing made after the adjournment of the court for the term at which the judgment was rendered. And this is placed upon the ground that the case has passed beyond the control of the court."

The learned justice then referred to the common-law writ of error coram vobis by which a court, having rendered judgment, was enabled to set it aside after the term, for some error in fact which had escaped attention and was material in the proceeding,—as that one of the parties to the judgment had died before it was rendered, or was an infant and no guardian had appeared or been appointed, or was a feme covert, or for some misprision of the clerk,—and pointed out that, in practice, this writ had been supplanted by a motion for the same purpose. Pickett's Heirs v. Legerwood, 7 Pet. 144. But the conclusion was reached that the writ coram vobis did not "reach the facts submitted to a jury, or found by a referee or by the court sitting to try the issues," and therefore that it did not reach the case then before the court. If that be true, a fortiori does it not reach alleged errors of law upon which the judgment was based. And this is expressly held in the case of Phillips v. Negley, 117 U. S. 665, 6 Sup. Ct. 901. See, also, Hickman v. Ft. Scott, 141 U. S. 415, 12 Sup. Ct. 9; Bank v. Moss, 6 How. 31; Noonan v. Bradley, 12 Wall. 121; Sibald v. U. S., 12 Pet. 488. Nor can the plaintiffs in error derive any aid from the remedies for correcting judgments after the term provided by the statutes of Ohio. In the case of Bronson v. Schulten, where the judgment sought to be set aside was rendered in the circuit court of the United States, sitting in New York, a statute of that state was relied on as furnishing ground for the action of the lower court in modifying the judgment after the term. To this Justice Miller made reply:

"The question relates to the power of the courts, and not to the mode of procedure. It is whether there exists in the court the authority to set aside,

vacate, or modify its final judgments after the term at which they were rendered; and this authority can neither be conferred upon nor withheld from the courts of the United States by the statutes of a state or the practice of its courts."

We are therefore of opinion that the motion to set aside the judgment of December 16, 1891, upon the first cause of action,—i. e. the recovery of the land,—was rightly overruled, for want of power in the court to grant it. There is no hardship in this result. The defendants below, being in court as parties, were charged with notice of everything done in the case (White v. Crow, 110 U. S. 183, 4 Sup. Ct. 71), and, at any time within six months after the judgment, could have brought a writ of error to review the holding of the court in respect to the existence of a default. If any equitable reason exists for setting aside the judgment or enjoining its execution, that should be taken advantage of by bill in equity. The writ coram vobis (or the motion which is its substitute in practice) does not afford a remedy on such a ground.

The next assignments of error are to the action of the court in overruling the motions of the defendants to set aside the report of the commissioners in partition and the report of the special master. The only reason brought to the attention of this court by the brief or argument of counsel for plaintiffs in error why these motions should have been granted is that the plaintiffs in error (the defendants below), after the reports had been made, filed an application to have accounted to them all the improvements made by them and their grantors in bona fide reliance upon a title of record since 1823. It is said that they were entitled to an allowance for improvements under the occupying claimant's law of Ohio. Section 5786, Rev. St. Ohio, provides that a person in quiet possession of lands or tenements. and claiming to own the same, who has obtained a certain specified color of title to, and is in possession of, the same, without fraud or collusion on his part, shall not be evicted or turned out of possession by any person who sets up and proves an adverse and better title, until the occupying claimant or his heirs are fully paid the value of all lasting and valuable improvements made on the land by him, or by the person under whom he holds, previous to receiving actual notice by commencement of suit on such adverse claim of title. Section 5788, as amended by act of April 21, 1890 (87 Ohio Laws, 237), provides that the "court rendering judgment against the occupying claimant, in any case provided for by this sub-division, shall at the request of either party cause a journal entry to be made; and the cause shall then proceed as in other civil cases." Section 5789 (as amended) provides that, "for the trial of the question of fact remaining undisposed of, a jury shall be impaneled and sworn as in other civil cases and shall at once proceed," etc. Sections 5792, 5793, 5794, and 5795 provide the forms of judgment to meet the possible verdicts of the jury and judgments of the court as to the improvements, their value, and the good faith with which they had been made, together with the proper offsets against the same, arising from rents and profits withheld from the successful claimant. It is obvious to us that, in order that a defendant in an

action for the recovery of real estate may avail himself of the benefit of the occupying claimant law, he must give notice of his claim to the court before or at the time judgment for plaintiff on the main action is entered, or at least before the term has passed in which such judgment is entered. Otherwise the successful plaintiff can never know when he has a clear title to the land adjudged to be his. Such seems to be the opinion of the supreme court of Ohio; for in Raymond v. Ross, 40 Ohio St. 343, it was held that a claim for improvements under the occupying claimant law was barred by a judgment for the recovery of the real estate, because, if valid, the claim for improvements should have been set up in the main action. We think, therefore, that the default judgment of December 16, 1891, was a bar to any claim by the defendants below under the occupying claimant's law.

Secondly, it is urged that, in the partition of the land, the defendants are entitled to compensation for the value of permanent improvements made by them in good faith, and especially that they may use this as a set-off to the claim for rents and profits. Such relief is frequently accorded in equity, but the difficulty in doing so in the present case is that the action below was on the law side of the court, where no equitable remedy can be administered. The court below treated the action for partition as an action for partition at law, and held that such an action lay in Ohio, and could be united with an action for the recovery of the real estate and mesne profits. We do not understand that, under the writ of partition at common law, there was any power to order a partition sale and division of the proceeds, and yet this is what the court did in regard to the 25-acre tract of Edmund Klever. From this course, we must infer that the circuit court was proceeding under the partition statute of Ohio. The question, therefore, arises whether a partition under the Ohio statute is cognizable by a federal court of law, or should be properly sought by bill in equity. The question has not been argued or assigned for error, but it is so fundamental in the partition proceedings, which are attacked, that we cannot overlook it. It is too important to decide it without argument. We shall therefore affirm the default judgment and the judgment for mesne profits, and set the case down for reargument on the point above stated.