value of improvements by commissioners under the occupying claimant's law, though the supreme court of the United States, as we have seen, had held it impossible, under the seventh amendment of the federal constitution. Hunt v. McMahan, 5 Ohio, 132. The fact that in a state court a proceeding is triable in an action at law does not affect the right and duty of the United States court, if the action is, under the federal system, cognizable in equity, to take jurisdiction of it in equity. Mississippi Mills v. Cohn, 150 U. S. 202, 14 Sup. Ct. 75.

It follows from what has been said that it was the duty of the circuit court, when the defendants below objected to the joinder of the petition for partition with the action to recover real property, to dismiss the petition for partition, with leave to the plaintiffs to file a bill in equity for the same purpose. The judgment of the court below in partition is reversed, with instructions to dismiss, for want of jurisdiction, so much of the amended petition as prayed partition and the proceedings thereon, at the costs of the plaintiffs. The costs in this court will be equally divided.

---

### VESEY et al. v. SEAWALL et al.

### CRAWFORD et al. v. SAME.

(Circuit Court of Appeals, Sixth Circuit. January 8, 1895.)

#### Nos. 151 and 152.

In Error to the Circuit Court of the United States for the Southern District of Ohio.

Mills Gardner and Humphrey Jones, for plaintiffs in error.
Matthews & Cleveland, for defendants in error.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge. As in these cases the same question is presented as that just now discussed, the same order must be made, reversing the case so far as partition proceedings are concerned, and affirming the judgment in ejectment. See opinion in Klever v. Seawall (No. 150) 65 Fed. 393.

---

### VESEY v. SEAWALL et al.

### CRAWFORD et al. v. SAME.

(Circuit Court of Appeals, Sixth Circuit. May 14, 1894.)

#### Nos. 151 and 152.

In Error to the Circuit Court of the United States for the Eastern Division of the Southern District of Ohio.

Mills Gardner and Humphrey Jones, for plaintiffs in error.
Matthews & Cleveland, for defendants in error.

Before TAFT and LURTON, Circuit Judges, and BARR, District Judge.

TAFT, Circuit Judge. In these cases the same question precisely is presented which was decided in the preceding case of Klever v. Seawall, 65 Fed. 373. The same result, therefore, is reached, and the same orders will be made.