## SHEPPY v. STEVENS.

(Circuit Court of Appeals, Second Circuit. November 25, 1912.)

No. 20.

COURTS (§ 405*)—JUDGMENT SUBJECT TO REVIEW—"FINAL JUDGMENT."

Where defendant demurred to two separate causes of action alleged in the complaint, and the demurrer was sustained as to the first cause of action, and overruled as to the second, with leave to answer, defendant having answered, the judgment sustaining the demurrer to the first cause of action was not final, and hence was not reviewable by writ of error until the determination of the issues on the second cause of action; the term "final judgment" being defined to mean one which disposes of all matters in litigation between the parties as shown by the record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1103; Dec. Dig. § 405.*

For other definitions, see Words and Phrases, vol. 3, pp. 2774–2798; vol. 8, p. 7663.

Finality of judgments and decrees for purposes of review, see notes to Brush Electric Co. v. Electric Imp. Co. of San Jose, 2 C. C. A. 379; Central Trust Co. v. Madden, 17 C. C. A. 238; Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.]

In Error to the Circuit Court of the United States for the Northern District of New York; George W. Ray, Judge.

Action by John V. Sheppy against Ezra H. Stevens. From a judgment sustaining a demurrer to one of two causes of action alleged in plaintiff's complaint, but overruling it as to the second, and permitting defendant to withdraw it and answer, plaintiff brings error prior to determination of the issues raised by the answer on the second cause of action. Dismissed.

See, also, 185 Fed. 147.

The plaintiff brought an action at law upon a complaint stating two causes of action. The defendant demurred to both causes. The demurrer to the first cause was sustained. The demurrer to the second cause was overruled, but the defendant was permitted to withdraw it and answer. The issues raised upon the answer have not been tried and the second cause of action has not been disposed of.

Upon the hearing of this writ of error the court raised the jurisdictional question whether there had been a final judgment in the case to review which a writ of error would lie.

H. & W. A. Hendrickson and S. A. Hungerford, all of Albany, N. Y. (George M. Palmer, of Cobleskill, of counsel), for plaintiff in error.
R. J. Le Boeuf, of Albany, N. Y., for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

NOYES, Circuit Judge (after stating the facts as above). It is fundamental that no writ of error lies unless the whole matter in the record be determined. A case cannot be brought up piecemeal. This was regarded as settled law as long ago as Metcalf's Case, 6 Coke,

68, decided in the reign of King James I, where an earlier decision was thus approved:

"In trespass by the lord of S. against one for taking his cattle; as to parcel, the defendant pleaded not guilty; and as to the other, he pleaded another plea, upon which the plaintiff demurred, and afterwards the issue was found for the plaintiff, upon which he had judgment; yet he shall not have a writ of error, till the whole matter is determined. And the reason of the said case is, that if the record should be removed before the whole matter is determined, there would be a failure of right; for the judges of the King's Bench cannot proceed upon the matter which is not determined, and upon which no judgment is given; and the whole record ought to be either in the Common Pleas or in the King's Bench; also the original is entire, and cannot be there and here likewise."

Metcalf's Case was approved by the Supreme Court of the United States in United States v. Girault, 11 How. 22, 31 (13 L. Ed. 587), where the court said:

"The writ is conditional, and does not authorize the court below to send up the case unless all the matters between all the parties to the record have been finally disposed of. The case is not to be sent up in fragments, by a succession of writs of error."

And in Holcombe v. McKusick, 20 How. 553, at page 554, 15 L. Ed. 1020, where a demurrer to a part of a replication was sustained but some material allegations were left, the Supreme Court held that the judgment upon the demurrer was not such a final judgment as could be reviewed upon a writ of error and again said:

"The whole of the cause, therefore, in the court below, was not disposed of, and no final judgment rendered, upon which a writ of error from this court would lie. It is the settled practice of this court, and the same in the King's Bench in England, that the writ will not lie until the whole of the matters in controversy in the suit below are disposed of. The writ itself is conditional, and does not authorize the court below to send up the case, unless all the matters between the parties to the record have been determined. The cause is not to be sent up in fragments."

The principle of these early decisions has been repeatedly reaffirmed by the Supreme Court and it is clearly established that writs of error cannot be brought either to that court or to this court until final judgment and that a final judgment is one which disposes of all the matters in litigation between the parties as shown upon the record. Southern R. Co. v. Postal Telegraph Co., 179 U. S. 641, 21 Sup. Ct. 249, 45 L. Ed. 355; Luxton v. North River Bridge Co., 147 U. S. 339, 13 Sup. Ct. 356, 37 L. Ed. 194; McLish v. Roff, 141 U. S. 661, 12 Sup. Ct. 118, 35 L. Ed. 893.

The rule governing writs of error also applies in appeals in equity. As a general rule only a final decree can be the subject of appeal in the federal courts and a decree is final only when it settles the whole cause. To this general rule there are some exceptions. Statutes authorize appeals from certain interlocutory orders. So the Supreme Court has at times looked at the substance rather than the letter of the rule. Thus an appeal has been permitted where the decree determined the substantial controversy but left some subsidiary matters unadjusted. Forgay v. Conrad, 6 How. 201, 12 L. Ed. 404. So an appeal has been sustained where there have been several defendants and a

separate controversy has been found to exist as to some of them. Hill v. Chicago, etc., R. Co., 140 U. S. 52, 11 Sup. Ct. 690, 35 L. Ed. 331. But as said by the Supreme Court in Ex parte National Enameling Co., 201 U. S. 156, 26 Sup. Ct. 404, 50 L. Ed. 707, decisions of this kind are inapplicable when the liability of the defendants is joint or where there is but a single defendant. And the general rule has been adhered to where a bill has been dismissed as to certain claims and has been sent to a master as to others. Ex parte National Enameling Co., supra. It has likewise been held that a decree dismissing a cross-libel cannot be appealed from until the entire controversy is disposed of. Bowker v. United States, 186 U. S. 135, 22 Sup. Ct. 802, 46 L. Ed. 1090. So a decree dismissing a cross-bill has been held not a final decree. Ayres v. ·Carver, 17 How. 591, 15 L. Ed. 179. And a decree dismissing a bill as to one defendant who has demurred, leaving the case undisposed of as to other defendants who have answered, has been held not to dispose of the whole case and to be subject to appeal after its final determination. Mendenhall v. Hall, 134 U. S. 559, 567, 10 Sup. Ct. 616, 33 L. Ed. 1012.

These established principles are decisive here. This case cannot be in this court upon writ of error and at the same time be pending in the District Court for the trial of the second cause of action. The so-called final judgment was not final because it did not dispose of all the matters in litigation between the parties involved by the pleadings. To use the language of the old English case, "the whole matter in the original" was not determined. True, the first cause of action may have been separate from the second. But both causes were in the one suit and in the one record. It was necessary to dispose of both of them to put the record in such shape that a writ of error would lie and to avoid having the case "there and likewise here." [1]

The present writ of error must, therefore, be dismissed for want of jurisdiction. When, however, the second cause of action is determined a judgment will be entered which will put an end to the case in the court below. If that judgment be in favor of the defendant, the plaintiff may then bring up by writ of error not only any errors arising upon the determination of the second cause, but the judgment upon the demurrer to the first cause.

So on the other hand if the plaintiff obtain a judgment in his favor upon the second cause of action he may then still have a writ of error which will bring up the decision upon the demurrer. In other words he will not lose his right to review the action of the court in dismissing his first cause of action whether he win or lose upon the second cause but he must wait until that cause is determined before attempting such review.

The writ of error is dismissed without costs and without prejudice.

[1] We appreciate that the case of Klever v. Seawall, 65 Fed. 393, 12 C. C. A. 661, is not in accordance with these views, but we are unable to follow that decision.