HISTORICAL PUB. CO. v. JONES BROS. PUB. CO.

JONES BROS. PUB. CO. v. HISTORICAL PUB. CO. .

Nos. 2071, 2076.

(Circuit Court of Appeals, Third Circuit. June 23, 1916.)

APPEAL AND ERROR ⬡═339(1)—FINAL DECREE—WHAT CONSTITUTES.

In a suit to restrain the infringement of two copyrights, a decree dismissing the bill as to one is final as to that portion of the controversy, though it be interlocutory as to the other, and therefore complainant may appeal from that portion of the decree which is final at any time within six months, there being no reason why a decree may not be final and in part interlocutory.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 1883; Dec. Dig. ⬡═339(1).]

On reargument. Rehearing denied, and former opinion affirmed.
For former opinion, see 231 Fed. 638, —— C. C. A. ——.

PER CURIAM. This motion for reargument raises one question that may need a short explanation. The Historical Publishing Company's appeal was taken within 30 days from the entry of the decree below, but the Jones Publishing Company did not appeal until about four months thereafter. The Historical Company now urges that the plaintiff's appeal was too late, and asks us to revise our own decree accordingly. We neither noticed nor considered the point before, and hence the language of Historical Publishing Co. v. Jones Publishing Co., 231 Fed. 638, —— C. C. A. ——, must be understood as used without reference to the time when the Jones Company's appeal was taken. Undoubtedly in that opinion we assumed the appeal to be taken from an interlocutory decree, but in the answer to the pending motion the Jones Company contends that the decree of the District Court dismissing the bill as to the School History was final, and that its appeal was in time because it was taken under the act allowing six months therefor. We think this position is correct (Hill v. Railroad, 140 U. S. 52, 11 Sup. Ct. 690, 35 L. Ed. 331; Scriven v. North [C. C. A. 4th] 134 Fed. 366, 67 C. C. A. 348), and therefore hold that the Jones Company's appeal, being taken from a final decree affecting a separable subject in controversy, was properly taken and should not be dismissed. As the cases cited decide, there seems to be no good reason why part of a decree should not be interlocutory, and part be final, for purposes of appeal, and, as we have already said in Ward v. Weber, 230 Fed. 155, —— C. C. A. ——, relief by injunction cannot be more effectively refused than by dismissing so much of the bill as asks for such relief. Nothing more final on that subject can be conceived.

The Jones Company also asserts that the red volume—Columbus and Columbia—contains more infringing material than is found in part 3; and this contention may be correct. We leave the matter to be determined by the court below, with permission so to mold its decree as to cover whatever portion of the red volume is found to be made up of infringing material.

In other respects the motion for reargument does not seem to need further attention.

The motion is dismissed.