## COLLINS v. METRO–GOLDWYN PIC-TURES CORPORATION et al.

### No. 361.

Circuit Court of Appeals, Second Circuit.

Aug. 7, 1939.

Harry Weinberger, of New York City (Harold M. Weinberger and Chester A. Pearlman, both of New York City, of counsel), for appellant.

J. Robert Rubin, of New York City, (Samuel D. Cohen, David O. Decker, and Earle L. Beatty, all of New York City, of counsel), for appellees.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The question to be met at the outset is whether an appeal will lie from an order dismissing a claim for infringement of the copyright of a book when the court has not disposed of a claim joined with it for unfair competition, alleged to have arisen from the use of the title of the copyrighted book as the title of an alleged infringing motion picture. In Sheppy v. Stevens, 2 Cir., 200 F. 946, we held that an appeal would not lie in a case similar to the present. There the defendant demurred to two separate causes of action. The demurrer to the first was sustained. The demurrer to the second was overruled, but the defendant was permitted to withdraw it and answer. The issues raised by the answer were not tried or otherwise disposed of prior to the attempted appeal by the complainant from dismissal of the first cause of action. The reason given for dismissing the appeal was that the "so-called final judgment was not final because it did not dispose of all the matters in litigation between the parties involved by the pleadings." While the decision was cited by Justice Brandeis in Collins v. Miller, 252 U.S. 364, 370, 40 S.Ct. 347, 349, 64 L.Ed. 616, in support of the proposition that "the judgment to be appealable should be final not only as to all the parties, but as to the whole subject-matter and as to all the causes of action involved", the facts before him did not involve a situation like the one here. There a single writ of habeas corpus was sued out by a defendant in an extradition proceeding who sought to prevent extradition claimed on three grounds. A writ was denied as to one charge and granted as to the other charges, but with the provision that the relator should be remanded to await further proceedings upon the last two charges. Upon an appeal by both parties, the appeal was dismissed on the ground that the judgment in habeas corpus was not final. The question before the court was whether the relator should be extradited or discharged. His claim was based upon the alleged invalidity of his detention. The decision amounted to no more than a holding that the disposition of the writ was not final when only certain of the grounds for the relief sought had been passed upon. In our opinion, the decision in Collins v. Miller does not preclude us from reviewing our decision in Sheppy v. Stevens, 2 Cir., 200 F. 946.

The Circuit Court of Appeal for the Sixth Circuit, composed of Taft and Lurton, Circuit Judges, and Barr, District Judge, held in Klever v. Seawall, 6 Cir., 65 F. 373, that an appeal would lie from a judgment finally disposing of a single cause of action although other causes of action joined with it had not then been adjudicated. Taft, J., said (65 F. at page 377): "It cannot affect the finality of a judgment that the cause of action upon which it was rendered was united in the same petition with other causes of action which have not yet been finally adjudicated."

The decision in Klever v. Seawall, 6 Cir., 65 F. 373, was cited in Sheppy v. Stevens, and was thought to lay down a contrary rule; but in Scriven v. North, 134 F. 366, the Fourth Circuit, and in Historical Pub. Co. v. Jones Bros. Pub. Co., 231 F. 784, the Third Circuit, under circumstances closely resembling those in Sheppy v. Stevens, held that an appeal would lie.

There is a manifest inconvenience in deferring the review of the disposition of a claim, though it has been finally disposed of, until other separable claims have been adjudicated, especially in view of the extensive provisions made by the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for the joinder of claims in a single suit. This consideration was undoubtedly the reason for the adoption of Rule 54 (b) which reads as follows: "When more than one claim for relief is presented in an action, the court at any stage, upon a determination of the issues material to a particular claim and all counterclaims arising out of the transaction or occurrence which is the subject matter of the claim, may enter a judgment

disposing of such claim. The judgment shall terminate the action with respect to the claim so disposed of and the action shall proceed as to the remaining claims. In case a separate judgment is so entered, the court by order may stay its enforcement until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered."

■ The new Rules provide for the presentation of numerous claims and the participation of multiple parties in a single civil action. Rules 13, 14, 18, 20 and 24. Rule 18 authorizes unlimited joinder of claims where there is only one plaintiff and one defendant. It is evident that the court must be given extensive discretionary powers in order to expedite a determination of the issues and avoid delay and inconvenience. Rule 42 (b) conferring power to order a separate trial of any claim or any separate issue, and Rule 54 (b) conferring power to enter separate judgments at various stages, appear to have been designed to meet the difficulties arising from these liberal joinder provisions.

■■ While it is true that the new Rules do not purport to deal with matters of jurisdiction, see Rule 82, and consequently are not strictly binding for the purpose of determining whether a judgment is "final" in a jurisdictional sense and hence appealable, they do provide that the final determination of the issues material to a particular claim and all counterclaims arising out of the transaction or occurrence which is the subject matter of the claim may be embodied in a "judgment" terminating the action with respect to the claim so disposed of. It seems unlikely that such a judgment can reasonably be regarded as other than final and appealable. While the new Rules have not yet gone into effect as to copyright cases, they have been made applicable to such cases on and after September 1, 1939 (Copyright Rules, rule 1, as amended, 17 U.S.C.A. following section 53), and, at the time of the present appeal, were applicable to all other proceedings at law and in equity. Rules of Civil Procedure, rules 81, 86. They indicate a definite policy to treat a judgment on a separate claim as so far final that it may be enforced by execution. It would clearly be held appealable if capable of immediate enforcement. Forgay v. Conrad, 6 How. 201, 12 L.Ed. 404; Thomson v. Dean, 7 Wall. 342, 19 L.Ed. 94. It seems unlikely that such a judgment, whether or not enforceable, is not to be regarded as final for purposes of appeal.

In the light of the policy implicit in the new Rules and of the decisions in Klever v. Seawall, 6 Cir., 65 F. 373; Scriven v. North, 4 Cir., 134 F. 366, and Historical Pub. Co. v. Jones Bros. Pub. Co., 3 Cir., 231 F. 784, we think that the doctrine in Sheppy v. Stevens, 2 Cir., 200 F. 946, should be overruled. The same reasoning would seem to apply to the rule followed in Stromberg Motor Devices Co. v. Arnson, 2 Cir., 239 F. 891, where claims for the infringement of separate patents were asserted in a single suit. This is in accord with numerous decisions of the Supreme Court holding that final determinations of separable controversies involved in a single suit are appealable. See, e. g., Withenbury v. United States, 5 Wall. 819, 18 L.Ed. 613; Trustees of Internal Improv. Fund v. Greenough, 105 U.S. 527, 26 L.Ed. 1157; Williams v. Morgan, 111 U.S. 684, 4 S.Ct. 638, 28 L.Ed. 559; Central Trust Co. v. Grant Locomotive Works, 135 U.S. 207, 10 S.Ct. 736, 34 L.Ed. 97; Hill v. Chicago & Evanston R. Co., 140 U.S. 52, 11 S.Ct. 690, 35 L.Ed. 331; United States v. River Rouge Imp. Co., 269 U.S. 411, 46 S.Ct. 144, 70 L.Ed. 339.

We are not unmindful of the holding in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, that claims for copyright infringement and for unfair competition are to be regarded as part of a single cause of action for the purposes of federal jurisdiction. But the court in determining the jurisdictional question before it carefully limited its definition of a cause of action to a case where the bounds between state and federal jurisdiction were being settled. We hold that the claims here sued on could properly be disposed of separately by the trial court and that the order dismissing the copyright claim was a final judgment.

In our opinion the claim for copyright infringement involved a different transaction from that for unfair competition and will raise entirely distinct issues on appeal. The separability of the issues serves to distinguish the case at bar from a suit for infringement of a single patent where different claims all arising out of a single

invention are involved, some of which are finally disposed of, while others remain in litigation. Ex parte National Enameling & Stamping Co., 201 U.S. 156, 26 S.Ct. 404, 50 L.Ed. 707. The decision in National Bank of Rondout v. Smith, 156 U.S. 330, 15 S.Ct. 358, 39 L.Ed. 441, is also distinguishable because the decree there appealed from failed to dispose of the case as to all of the defendants involved in the transaction or occurrence as to which relief was sought. Likewise the case of Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443, may be distinguished on the same ground.

It may be said that the sanction of an appeal in a case like the present will add to the complexity of litigation and unnecessarily multiply reviews. This, however, will as a practical matter remain within the control of the district judge who should not, as it seems to us, decide the issues piecemeal unless such a disposition is necessary to prevent undue delay or otherwise promote the interest of justice.

For the reasons stated, we hold the decree entered upon the claim for copyright infringement final and appealable.

■■■ We now come to a consideration of the merits. On the basis of a comparison of the defendant's "cutting continuity" with the complainant's book we agree with the trial judge that the motion picture did not infringe the book. It is true that the picture contains similar incidents to some of those found in the book, which is a series of stories, and that we must assume copying of the parts common to both productions where the case comes up on a motion to dismiss in the nature of a demurrer. But such an assumption would not justify the legal conclusion that the complainant's copyright had been infringed. Judging from the continuity alone, we think it has not been infringed, because the language of the book is not used in the continuity and the series of events portrayed in the book purports to represent real occurrences which, aside from the form of expression, are not protected by the Copyright Act (17 U.S.C.A. § 1 et seq.). International News Service v. Associated Press, 258 U.S. 215, 234, 39 S.Ct. 68, 63 L.Ed. 211, 2 A.L.R. 293; Davies v. Bowes, D.C., 209 F. 53, affirmed on other grounds, 2 Cir., 219 F. 178. The account of Collins' dream, appearing at the close of the book, on which so much emphasis is laid, if taken as a significant feature either because of its form or substance, finds no counterpart in the gazing of Lane's child at bombers flying in formation, which is found in the picture. Upon the basis of the comparison that is open to us we have nothing to add to the opinion of the court below and should regard the first cause of action as properly dismissed for non-infringement. We are not, however, satisfied that the parties ever agreed that the continuity is a fair representation of the film. Indeed, complainant strenuously argues that it is not. For this reason we think that the decree must be reversed and the cause remanded to the District Court. Upon the record as it stands we think the complainant has not had her day in court. Dellar and Shayon v. Samuel Goldwyn, Inc., 2 Cir., 104 F.2d 661, decided June 12, 1939. If upon the new hearing the judge should determine that the continuity is a fair representation of the motion picture he should dismiss the complaint. A view of the picture may be the best means of reaching a satisfactory conclusion.

Decree reversed.

CLARK, Circuit Judge (concurring).

In connection with the appealability of the District Court's decree disposing of the claim of copyright infringement, without adjudication of the claim for unfair competition, I desire, out of abundant caution, to stress a point perhaps made sufficiently clear in the opinion, that decisions as to the extent of a "claim" or a "cause of action" or a "transaction" must necessarily be directed to the facts in issue in a particular case and cannot be safely generalized into rigid rules applicable to other factual situations, or to other issues such as those of res judicata, amendment, joinder, counterclaim, or jurisdiction. The attempt to formulate and follow such rigid rules in the past has been generally unsuccessful, as well as prejudicial to the development of effective court procedure and at times unfair to litigants. (This matter has been often discussed by writers; I have attempted to state these views more at length elsewhere, as in my text on Code Pleading, pp. 75-87, and in 82 U. of Pa.L.Rev. 354.) One of the hopes for the new federal rules of civil procedure has been that these

difficulties may be in large measure avoided or at least lessened.

The variable character of "cause of action" has been pointed out in Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L. Ed. 1148, and in the case it cites, United States v. Memphis Cotton Oil Co., 288 U.S. 62, 53 S.Ct. 278, 77 L.Ed. 619. Because of its illusive character, that concept has been entirely omitted from the new rules; but a similar idea is conveyed in rules such as the one cited and relied on here, Rule 54(b), providing for "Judgment at Various Stages" of the action. These rules make the extent of the claim involved depend not upon legal rights, but upon the facts, that is, upon a lay view of the past events which have given rise to the litigation. Such lay view of a transaction or occurrence, the subject matter of a claim, is not a precise concept; its outer limits should depend to a considerable extent upon the purpose for which the concept is being immediately used.

Here the two claims in suit do arise out of the plaintiff's ownership of one piece of literary property, and under certain circumstances, as in Hurn v. Oursler, supra, a holding that only a single cause of action is presented is quite proper. It may be noted, too, that this case differs from Hurn v. Oursler, where the two claims were based on the same facts throughout "so precisely," as the court put it, "as to be little more than the equivalent of different epithets to characterize the same group of circumstances" [289 U.S. 238, 246, 53 S.Ct. 590, 77 L.Ed. 1148]; for here the factual basis of the claim for unfair competition is quite distinct from that for the copyright infringement and rests entirely upon the matter of the book's title, which is not covered by the copyright. Here the evidence to support the first claim would to a considerable extent be different from, and in addition to, that for the second claim, and there would be little, if any, gain in forcing them always to be tried and adjudicated together. As the opinion points out, the trial judge has a practical discretion to dispose of them together, but when the natural course of trial indicates that one claim can be disposed of quickly and summarily while the other will require a considerable trial, separation should be possible save in cases where the facts are so inextricably interwoven that it is impossible or at least manifestly unfair. At any rate, the new rule is flexible enough to permit a useful adjustment of such a situation, and I concur in the view that the earlier precedents which deserve our approval were to the same effect.