FERNANDO ACEVEDO, Petitioner, *v.* DISTRICT COURT OF BAYAMÓN, HON. FERNANDO GALLARDO DÍAZ, JUDGE, Respondent; ANA GARCÍA, ETC., Intervener.

No. 1785. Argued May 2, 1949.—Decided June 21, 1949.

*E. Martínez Rivera* and *Luis Blanco Lugo* for petitioner. *José E. Bosch Roque* and *Luis A. Archilla Laugier* for intervener, plaintiff in the main action.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The question for decision in this case is whether when an action for support and one of filiation are joined in the complaint the court is authorized to order the trial of the first action prior to the second.

We issued the writ in this case to review the order of the lower court setting the hearing of the action for support for a date prior (seven days) to that of the action of filiation. It should be noted that the defendant, petitioner herein, had already filed in the lower court his answer to

the claim for support and, separately, a motion seeking a summary judgment dismissing the action of filiation.

The petitioner as well as the intervener admit that the following questions are not involved in this proceeding: (1) that a claim for support and an action of filiation may be joined in a single complaint (*Sánchez* v. *District Court*, 64 P.R.R. 456; *Cerra* v. *District Court*, 67 P.R.R. 872), (2) that although they may be joined the decision thereof is based on different facts (*People* v. *Rodríguez*, 67 P.R.R. 688), and (3) that the lower court need not first render judgment on the action of filiation before disposing of the claim for support (*People* v. *Rodríguez*, *supra*).

■ Petitioner maintains that if a claim for support is joined with an action of filiation the case should be governed by the ordinary procedure, the only legal provision authorizing said joinder being Rule 18 of the Rules of Civil Procedure,[1] since under § 104 of the Code of Civil Procedure such joinder was not permitted. He then argues that such being the case "we are bound to conclude that the holding of separate trials is governed by the rules which do not contemplate summary proceedings for separate trials."

Even if petitioner's premise were correct, his conclusion is not. It is conceded by the parties that if the action for support had been filed alone it would be governed, pursuant to § 618 of the Code of Civil Procedure, by the procedure established for unlawful detainer suits and that the Rules of Civil Procedure would not be applicable thereto. Rule 81. However, if the petitioner concedes that the actions of filiation and for support may be joined under Rule 18 (*a*) *supra*, as construed in that part of our decision in *Sánchez* v. *District Court*, *supra*, not reversed in *People* v. *Rodríguez*, *supra*, what reason is there for not applying to actions so joined

---

[1] Rule 18 (*a*) in its pertinent part provides:

"Rule 18 (*a*).—*Joinder of Claims*.—The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims as he may have against an opposing party."

the other Rules which do not impair a vested right of the plaintiff (as was the case with Rule 18(*b*) erroneously applied in *Sánchez* v. *District Court, supra*, as we held in *People* v. *Rodríguez, supra*)? In other words, if pursuant to Rules 42(*b*)[2] and 54(*b*)[3], the court may order a separate trial of any claim or of any controversy and may enter judgment on said claim or controversy leaving any other claim pending, we see no reason why, in the present case, once the plaintiff has duly joined the actions of filiation and for support, the court can not, irrespective of § 618 of the Code of Civil Procedure, order that the claim for support be heard a week before the filiation suit (we presume that the court refers to the motion on a summary judgment).

Rule 42(*b*) *supra*, is not limited, as petitioner maintains, to cases "involving claims, cross-claims, and counterclaims" but it also authorizes a separate trial "of any claim" or "of any issue" and Rule 54(*b*), *supra*, authorizes a separate judgment to be entered on any "particular claim". Moore, in commenting Rule 54(*b*), states:

". . . It becomes apparent that a court must have extensive powers to order separate trials and Rule 42(*b*) has conferred that power both as to issues involved in one cause of action, and as to separate causes of action. The function of Rule 54(*b*) is to complement that rule in such a manner that the court is given

---

[2] Rule 42(*b*).—*Separate Trials.*—The court in furtherance of convenience may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross claims, counterclaims, third-party claims, or issues.

[3] Rule 54(*b*).—*Judgment at Various Stages.*—When more than one claim for relief is presented in an action, the court at any stage, upon a determination of the issues material to a particular claim and all counterclaims arising out of the transaction or occurrence which is the subject matter of the claim, may enter a judgment disposing of such claim. The judgment shall terminate the action with respect to the claim so disposed of and the action shall proceed as to the remaining claims. In case a separate judgment is so entered, the court by order may stay its enforcement until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof to the party in whose favor the judgment is entered."

broad power to enter separate judgments, but so restricted that appellate jurisdiction is not affected." 3 Moore's Federal Practice, 3156–57.

See also *Collins* v. *Metro–Goldwyn Pictures Corporation*, 106 F. 2d 83, (C.C.A. 2d, 1939), both the opinion of the court rendered by Mr. Justice Hand, and the concurring opinion of Mr. Justice Clark.

The petitioner has argued this case essentially as one where the court has ordered that the claim for support be disposed of by the summary proceeding provided for unlawful detainers, irrespective of the action of filiation and insists that once said actions are joined they should be treated as a single case. It is true that originally a substitute judge ordered a preliminary hearing for the claim for support, but, on motion for reconsideration by the defendant, it was set aside. A new reconsideration was sought, this time by the plaintiff, and it was as a result of this motion that the decision appealed from was rendered which in its pertinent part reads thus:

". . . After hearing the parties the court sets February 11, 1949, at 9 o'clock A. M., for the hearing of the action for support and February 18, 1949 at 9:00 A.M. for the hearing of the filiation suit."

As may be seen, the lower court did not order a preliminary hearing in the action for support but merely set the trial one week ahead of that for the filiation suit. Defendant's answer to the claim for support had already been filed separately from his motion seeking a summary judgment on the filiation suit. Under these circumstances the lower court did not err in ordering separate trials inasmuch as Rule 42 (*b*) *supra* grants it discretion to do so, and, a claim for support being involved, it did not abuse its discretion in so doing. ▮ Now, as to the question raised by the petitioner, we are inclined to agree with him, that is, that these two actions having been joined, both should be prosecuted by the ordinary procedure in accordance with the Rules of Civil Procedure

and, therefore, the courts have discretion to order a separate trial for the action for support and to enter a separate judgment as to said issue. This judgment is appealable but an appeal shall not preclude the execution of the judgment pursuant to § 618 of the Code of Civil Procedure. *Cerra* v. *District Court, supra.*

The writ shall be discharged.

