**DYER v. MacDOUGALL et al.**

**C. 11011.**

United States District Court
E. D. New York.
March 4, 1952.

Breed, Abbott & Morgan, New York City (Charles H. Tuttle, New York City, of counsel), for defendants.

Moss & Wels, New York City (Richard H. Wels, New York City, of counsel), for plaintiff.

KENNEDY, District Judge.

This is an application for reargument of a motion for summary judgment made by the defendants and also for the allowance of additional time to appeal. Fed. Rules Civ.Proc. rule 73, 28 U.S.C.A.

■ The action is for damages for defamation; jurisdiction is grounded on diversity of citizenship. By an order dated January 7, 1952, I granted summary judgment in favor of defendants on the third and fourth causes of action. Briefly restated, my disposition of the matter was based upon the fact that plaintiff, under the counts in question, claimed that the defamatory material had been published to named individuals by the defendants, and those individuals denied under oath

that anything of the kind had ever occurred. When the motion for summary judgment was argued (and ably argued) in behalf of the plaintiff by his attorney, it was never suggested that there was at that time any other proof available of the publication of the defamatory material. Under familiar principles relating to summary judgment, Bozant v. Bank of New York, 2 Cir., 1946, 156 F.2d 787, I withheld decision until plaintiff had had the opportunity to elicit by discovery proof of publication to the individuals named in the papers. Plaintiff, through his attorney, distinctly stated after many months had elapsed that he did not intend to avail himself of the discovery procedure. The position then was that if plaintiff called the named individuals to prove publication they would either (a) deny it in accordance with their affidavits, or (b) testify to the publication in the teeth of prior sworn contradictory statements. As I have said, I gave plaintiff the opportunity (which he did not use) to discover whether the second alternative was even remotely possible.

Plaintiff (in person) under that branch of his action seeking reargument [1] now suggests, among other things, that there may be other persons to whom the defamatory material was published, and the intimation is that he is under no burden to disclose the facts in that connection. Plaintiff also seems to suggest that some vague doctrine of "spontaneous utterances" will enable him to make out a *prima facie* case.

These arguments would not have changed my original determination if they had been originally brought forward. The pleadings frame very definite issues, and when called upon under the summary judgment rule to demonstrate that these issues

exist plaintiff could not meet the burden: unanswerable and unanswered affidavits showed no publication such as he has alleged in the counts of the complaint under attack.

Accordingly I grant reargument, and on reargument I adhere to my original decision.

■ The second branch of the application presents considerable difficulty. The plaintiff is a lawyer, but has had no active practice or connection with federal courts (although he is a member of the federal bar). He lives in St. Louis. He swears that well before the expiration of 30 days from the entry of the order he was told by his attorney that he had 60 days within which to appeal. He swears further that he was never told of the entry of the order itself although he was told about the opinion and decision. No appeal was taken, apparently, because there was (understandably) some discussion about reargument between plaintiff and his attorney. None of these sworn statements is controverted in the answering papers. If plaintiff were a layman I would entertain no doubt that the proper thing to do would be to extend the time to appeal under these circumstances because he did not learn of the entry of the judgment. And in this particular case, even though plaintiff is admitted to the bar, I feel that his neglect to take an appeal within 30 days of the entry of the original order is excusable, and that I should extend his time under rule 73(a) also 28 U.S. C.A. § 2107, to a date 30 days from the time the original appeal time expired, assuming that the order is appealable.[2]

In fairness, I think I should say that this decision is not intended to reflect in the

---

1. Under the new local rules in effect March 1, 1952, this motion would probably have been far too late (General Rule 9h). But the former rule in this district set no time limit for reargument (General Rule 35, E.D.N.Y.)

2. Prior to the adoption of F.R.C.P. 54 (b) there is small doubt that the partial summary judgment here granted would have been characterized as not appealable because not final, Sheppy v. Stevens, 2 Cir., 1912, 200 F. 946, cited with ap-

proval, Collins v. Miller, 1920, 252 U.S. 364, 40 S.Ct. 347, 64 L.Ed. 616. Here, for what it is worth, I would have to certify, and do certify, pursuant to F.R.C.P. 54 (b) that I did give an express direction for the entry of judgment, and that there is no reason for delay. But it seems to me that whether the several "causes of action", contained in a single defamation complaint, are here so closely related as to forbid fragmentary appeals is still a question for the Court

slightest way on the plaintiff's attorney. I believe that there was inadvertence and confusion concerning the desirability of appeal, and that plaintiff really thought he had 60 days in which to make the decision.

█ I have not paid the slightest attention to plaintiff's argument that he was "co-counsel" and therefore entitled to be served with the papers by the defendants. This argument is based upon the fact that plaintiff's name followed by the words "pro per" (sic) was on the brief. It is absurd to suppose that by adding names of counsel to a brief the obligation of the adverse party to serve papers can be multiplied. I also am not impressed in any way by plaintiff's intimation that his attorney was friendly with counsel for the defendants, or that my decision was motivated by any desire to "avoid the raising of a scandal in high places", as plaintiff says at the end of his brief.

The time of the plaintiff to take an appeal, if so advised, is extended to a date 30 days from the date of the expiration of the original appeal time of the order of January 7, 1952. This may be a hardship to the defendants, but I feel that it is the course I should take.

█ Since the foregoing was written, and after the time limit for filing papers I received from plaintiff a memorandum and an affidavit dated October 28, 1950. The memorandum has three salient features. Plaintiff now asks (1) that I accept for filing the 1950 affidavit because it bears on the credibility of defendant Inez Brown MacDougall; (2) that plaintiff's original affidavit in letter form (February 20, 1952), supporting the application for reargument of ("to vacate") the order of January 7, 1952, be withdrawn, and (3) that I make a certificate, F.R.C.P. 54(b) to the effect that the entry of judgment was directed by me, and that there is no reason

for delay. Plaintiff has now concluded that absent such a certificate the order of January 7, 1952, is non-appealable, a conclusion which had already occurred to me as likely (see footnote 2). And I reiterate that, certificate or no certificate, the question of appealability is ultimately for the Court of Appeals, not for me. Audi Vision, Inc. v. R. C. A. Mfg. Co., 2 Cir., 1943, 136 F.2d 621, 147 A.L.R. 574.

I return to what I have referred to as the salient features of the new application.

█ (1) I accept for filing the 1950 affidavit. If it has any bearing it is on the application for reargument ("to vacate"). But here again plaintiff persists in his puzzling approach to the problem: (a) he will put defendant Inez MacDougall on the stand, (b) presumably she will reiterate under oath her denial that the defamation was published to her, (c) he will attack her credibility by other collateral affidavits such as that now filed, and then (d) he will argue that the defendant Inez Mac-Dougall is unworthy of belief, concluding that her *denial* of publication is equivalent to positive *proof* that the publication in fact took place, or at least that lack of credibility raises a triable fact issue. I reject this as a basis for changing my original decision.

█ (2) I refuse to strike the letter-affidavit of February 20, 1952. The "certificate" by me under rule 54(b) is meaningless, unless there be some factual basis for extending the time to appeal under F.R.C.P. 73(a). For the certificate relates back to the original order and speaks as of that time, at least in my judgment. Therefore if I strike the affidavit of February 20, 1952, the only factual basis for a holding that plaintiff was without information concerning the entry of the order, rule 73(a), and 28 U.S.C.A. § 2107, is gone.

of Appeals to determine. Audi Vision, Inc. v. R. C. A. Mfg. Co., 2 Cir., 1943, 136 F.2d 621, 147 A.L.R. 574. Rule 54 (b) was adopted in its present form after Audi Vision was decided. But the revisers say that as now framed the rule "re-establishes an ancient policy with clarity and precision" and mention

Audi Vision. I would not be surprised therefore to learn that the Sheppy case, supra, is law even under rule 54(b), unless the claims here are so distinct that not only the district court but the Court of Appeals can be satisfied that piecemeal disposition is warranted.

And I may say that I really believe, on the basis of the affidavit of February 20, 1952, that plaintiff did not get notice of the entry of the order. It follows that the added memorandum and the affidavit of February 28, 1950, (which I have received for filing this morning) should make no change in what I had said prior to the receipt of these papers, except for the addition of the affidavit to the record.