## CHAMBERLIN et al. v. BEKINS VAN & STORAGE CO.

District Court, S. D. California, N. D.   January 13, 1928.

Copyrights ⬅83—Defendant held not shown to have borrowed from plaintiffs' city maps to such a material extent as to violate copyright.

That defendant, in bringing down to date in 1926 a city map, which it had made in 1922, borrowed from plaintiffs' maps of 1924 to such a material extent as would make such appropriation a violation of plaintiffs' copyright, other maps and public records being also resorted to by defendant, and the special matter on plaintiffs' maps which defendant used not being so distinctive as to give particular character to plaintiffs' maps, *held* not shown by the evidence.

At Law. Action by Dan W. Chamberlin and another, copartners as the Progressive Map Service, against the Bekins Van & Storage Company. Decree for defendant.

W. E. Simpson, of Fresno, Cal., and J. Edwin Simpson, of Los Angeles, Cal., for plaintiffs.

William L. Connor and Walter E. Burke, both of Los Angeles, Cal., for defendant.

JAMES, District Judge. This action is brought by the plaintiffs to obtain an injunction and for damages. It is charged in the bill of complaint that the defendant has infringed the rights of the plaintiffs secured to them under a copyright protecting a map drawing illustrating a plat of the city of Fresno. There were in fact two maps made

by the plaintiffs, both of which were prepared early in the year 1924—in February and March, respectively—and copyright registration of both was had at about the same time.

Defendant corporation is engaged in the truck and storage business, and in connection with its advertising matter publishes maps of cities. In the year 1922 such a map of the city of Fresno was made and issued by the defendant for free distribution with advertising matter attached, and in the year 1926 another map of like kind was made and distributed. The 1922 map of the defendant was similar in form to one of those made at the later date by the plaintiffs. Plaintiffs' maps were not of distinctive or unusual character. They delineated streets, blocks, and permanent objects in the ordinary way by commonly used means. In fact, in kind they were such maps as would be produced by any civil engineer accustomed to that work. From this statement it will appear that the 1922 map of the defendant would constitute no infringement of the 1924 maps of the plaintiffs. And if the 1926 map of the defendant was in the major part thereof a duplication of its 1922 map, there would still be no infringement of the rights of the plaintiffs. The testimony offered by the defendant showed quite clearly (and an inspection of the 1926 map is corroborative of the fact) that in making the 1926 map it was the intention of defendant to duplicate the 1922 map, with such changes and corrections as might be necessary to make the later map an accurate representation of conditions to the date of its issue.

The determining question here is whether, in making changes and corrections, the defendant borrowed from the plaintiffs' maps to such a material extent as would make the appropriation a violation of the copyright. While the testimony offered on behalf of the defendant was to the effect that the plaintiffs' maps were not used to copy from, it may be assumed that the testimony is inaccurate, at least in the regard where defendant's 1926 map shows the changed matter in the precise form represented on the maps of the plaintiffs, such as "Site of Theodore Roosevelt High School" and several street names, including some which did not in fact exist."

The rule governing a case involving the issue of infringement of a map copyright, as declared in Perris v. Hexamer, 99 U. S. 674, 25 L. Ed. 308, is clear, and has not been modified by any subsequent decision so far as my search has disclosed. The court in the opinion in that case says:

"It follows that to infringe this right a substantial copy of the whole or of a material part must be produced. It needs no argument to show that the defendant's maps are not copies, either in whole or in part, of those of the complainants. * * * Scarcely any map is published on which certain arbitrary signs, explained by a key printed at some convenient place for reference, are not used to designate objects of special interest, such as rivers, railroads, boundaries, cities, towns, etc.; and yet we think it has never been supposed that a simple copyright of the map gave the publisher an exclusive right to the use upon other maps of the particular signs and key which he saw fit to adopt for the purposes of his delineations."

Surely it cannot be declared, upon the evidence offered in this case, that the defendant borrowed the whole of either of plaintiffs' maps. There was no necessity prompting it to do that, for it already had a complete map of the city, arranged in the form that it desired to have it for distribution, and which map was made long prior to those prepared by the plaintiffs. That the use of plaintiffs' maps for the purpose of making occasional additions or corrections on streets and blocks would amount to the appropriation of a material part of such maps must, I think, be answered in the negative. In making those corrections, other maps and public records were also resorted to by the defendant. Complete maps of the city of Fresno were in existence before the plaintiffs prepared theirs, and were accessible for reproduction, such as that of the power company. The special matter found on plaintiffs' maps which the defendant used was not so distinctive as to give particular character to the maps copied from.

With these conclusions in mind, I am unable to find that plaintiffs have sustained their charge of infringement.

Decree will be in favor of the defendant.