EISMAN et al. v. SAMUEL GOLDWYN,
Inc., et al.

District Court, S. D. New York.
May 24, 1938.

William Klein, of New York City (Milton R. Weinberger, of New York City, of counsel), for plaintiffs.

Schwartz & Frohlich, of New York City (Louis D. Frohlich, and Herman Finkelstein, both of New York City, of counsel), for defendants Samuel Goldwyn, Inc., and Samuel Goldwyn.

David L. Podell, of New York City (Herman Shulman, of New York City, of counsel), for defendant Eddie Cantor.

O'Brien, Driscoll & Raftery, of New York City, for defendant United Artists Corporation.

WOOLSEY, District Judge.

This motion to dismiss the complaint herein is granted.

The defendants may have a decree dismissing the complaint with costs which, in respect of that part of the cause founded on the Copyright Act, 17 U.S.C.A. § 1 et seq., will, under Section 40 thereof, 17 U.S.C.A. § 40, include reasonable counsel fees to the defendants.

I. This is a motion based on the practice approved by me in Lowenfels v. Nathan, D.C., 2 F.Supp. 73, 74, and explained more fully by my decision in Shipman v. R. K. O. Radio Pictures, Inc., et al., D.C., 20 F.Supp. 249.

This practice is not now novel for it has been followed in other cases in this district than those just mentioned. E. g. inter alia Caruthers v. R. K. O. Radio Pictures, Inc., D.C., 20 F.Supp. 906; Ornstein v. Paramount Productions, Inc., D.C., 9 F.Supp. 896, 901, 902.

II. My subject matter jurisdiction is based, in respect of the copyrighted version

520

of the plaintiffs' work, on the Copyright Act.

In respect of the uncopyrighted version of the plaintiffs' work, it is based on diversity of citizenship, for the plaintiffs are all citizens and residents of the State of New York, the defendants Samuel Goldwyn, Inc., and United Artists Corporation are corporations of the State of Delaware, and the defendant Eddie Cantor is a citizen of the State of California.

That left the citizenship of Samuel Goldwyn unaccounted for until the argument, but in open Court thereat on April 5, 1938, it was agreed that the complaint should be amended so as to allege that Samuel Goldwyn was a citizen and resident of the State of California, and that the answer should be deemed amended so as to admit this fact, and it was so ordered.

III. A full oral argument was had in this cause before me on April 5, 1938.

Before that argument, and in preparation therefor, I had carefully read—in connection with the plaintiffs' bill of particulars—the plaintiffs' copyrighted and uncopyrighted version of their play "Oh, Shah!", and the defendants' cutting continuity of their infringing moving picture "Roman Scandals" which was alleged to infringe both the works of the plaintiffs.

After the oral argument, I determined to review the whole case again and to reread all three documents involved in connection with the plaintiffs' bill of particulars.

■ IV. As I have repeatedly pointed out in other motions of this kind, access by the defendants to the plaintiffs' work is implicitly admitted by the form of procedure here adopted by the defendants.

■ Consequently, what I have had to determine herein is—by a comparison of the works of the plaintiffs and the works of the defendants—whether, with access assumed, the defendants made unfair use of a sufficient amount of the plaintiffs' copyrightable material to justify a holding of infringement. Dymow v. Bolton, 2 Cir., 11 F.2d 690, 692; Nichols v. Universal Pictures Corporation, 2 Cir., 45 F.2d 119, 121; Lowenfels v. Nathan, D.C., 2 F.Supp. 73, 79.

■ As Judge Hough, speaking for the District Court for this District in Frankel v. Irwin et al., 34 F.2d 142, 144, pointed out, the test to be applied in all such comparisons as this is that of the library rather than that of the dissecting room—namely —the effect on the imagination of the judge of a comparative reading of the works in question. And cf. Nichols v. Universal Pictures Corporation, 2 Cir., 45 F.2d 119, 123.

■ That is the test I have given to the works here involved, and having done so I hold that there clearly has not been any such unfair use of the plaintiffs' work as would justify a decree in their favor. I cannot really see any foundation whatever for their case. So far as I am concerned, therefore, that is the end of the matter.

■ V. Indeed, it seems to me that—putting the case more favorably for the plaintiffs than a comparison of the works here involved justifies—the most that can be said for them is that they brought this suit for literary larceny because they were infected with the fallacy, which seems to be endemic among writers, that copyright may be claimed on a theme or an idea, which, of course, is not and never has been the law. Holmes v. Hurst, 174 U.S. 82, 86, 19 S.Ct. 606, 43 L.Ed. 904; Nichols v. Universal Pictures Corporation, 2 Cir., 45 F.2d 119, 121; Lowenfels v. Nathan, D.C., 2 F.Supp. 73, 80; Copyright in Books by Augustine Birrell, Chapter on Literary Larceny, pp. 167-192.

■ VI. The decree, which I am granting dismissing the complaint must, as I have above indicated, give costs to the defendants.

■ As I pointed out, by a supplementary opinion, in the case of Caruthers v. R. K. O. Radio Pictures, Inc., D.C., 20 F.Supp. 906, 908, whilst in a case arising under the Copyright Act, the prevailing party is entitled under Section 40 to reasonable counsel fees as part of his costs, this does not apply to cases involving common law copyright in which the subject matter jurisdiction of this Court is based on diversity of citizenship.

■ Herein—as I have before me two alleged causes of action, one based on the Copyright Law and one on a common law copyright—the counsel fees must be limited to and given only as part of the costs in respect of the alleged cause of action which is based on the Copyright Law.

Inasmuch as the two alleged causes of action are somewhat intertwined, the procedure I am going to follow in fixing the fees is as follows:

I will first fix what I regard as a reasonable fee for the counsel of the several defendants, and when those fees are fixed I shall allocate three-quarters of each fee to the Copyright Law infringement, of which the claim under the common law copyright is comparatively a minor incident.

These counsel fees, which will be granted to each of the defendants represented at the argument, will be fixed for each respectively, subject to the limitation above described, in accordance with the canons of charges which I suggested in the case of In re Osofsky, D.C., 50 F.2d 925.

The attorneys for each of the defendants to whom these counsel fees are thus allowed must serve, with three days' notice to the plaintiffs' attorneys, a petition to have their fees so fixed—stating the work done, the amount claimed and allocating three-quarters thereof to the suit under the Copyright Law—and send the petition to me through the Clerk's office for my consideration.

After these fees are fixed by me, costs may be taxed and the final decree dismissing the complaint be submitted to me for signature through the Clerk's office on the usual notice.