**DELLAR et al. v. SAMUEL GOLDWYN,
Inc., et al.
No. 278.**

Circuit Court of Appeals, Second Circuit.
June 12, 1939.

Julius Applebaum, of New York City,
for appellants.

Dwight, Harris, Koegel & Caskey, all of
New York City (Richard E. Dwight, John
Fletcher Caskey, and John D. Leggett, Jr.,
all of New York City, of counsel), for

662

appellees Samuel Goldwyn and Samuel Goldwyn, Inc.

Before L. HAND, AUGUSTUS N. HAND, and PATTERSON, Circuit Judges.

PER CURIAM.

This appeal comes up upon a motion to dismiss a bill of complaint upon two causes of suit; one, based upon the infringement by a moving picture of the plaintiffs' literary property in one version of a play; the other, upon infringement of their copyright in another version: the bill fused both causes into one unseparated narrative. The defendants answered, and the plaintiffs filed interrogatories, one of which demanded the production of a "scenario or synopsis" of the infringing film. After some delay the defendants filed a kind of scenario, known as "a cutting continuity"; and then in their turn demanded a bill of particulars, setting out in what regards the plaintiffs alleged that the film infringed. The plaintiffs filed such a bill, using the "cutting continuity" as a basis. The defendants then moved to dismiss the bill, inviting the judge to compare the "continuity" with the plaintiffs' copyrighted and uncopyrighted versions of their play. This he did, and concluded that there was no infringement, even though the defendants had actually taken from the play all those matters in which the film resembled it. The defendants protest against this practice, both because the judge never saw the film itself, and because there was no proof that the "continuity" correctly represented it.

The procedure adopted was not permissible. When the defendants produced and filed their "continuity", the plaintiffs were not bound to accept it as correct, even if it could be deemed a part of the answers. They had no means of knowing whether it was or not, and have never conceded that it was, and they have been deprived of their day in court on a vital issue. Nor can their use of the "continuity" in preparing their bill of particulars be taken as an acceptance of its correctness; they had nothing to rely upon but what the defendants gave them. They were to be understood as saying no more than that, if the film was as the "continuity" represented it, they relied upon the particulars set forth in the bill. At some stage in the proceedings they were entitled to try out the issue whether it did faithfully represent the film. For this reason the decree must be reversed.

In general, we will not say that, if in this kind of copyright case the parties can agree upon a scenario or "continuity", it may not on occasion be desirable to dispose of the suit summarily by a comparison of it with the book or play; but the implications of that procedure should be carefully kept in mind. To do justice to the plaintiff, the judge must assume, not only that the defendant has had "access" to the book or play (which alone means nothing), but that he has actually copied those parts common to it and the film. That is not always easy to remember; and when it is remembered, the decision does not dispose of the case unless it goes against the plaintiff; if he wins, the issue of copying remains to be tried. We doubt the convenience of dividing the trial in this way: the issue of fair use, which alone is decided, is the most troublesome in the whole law of copyright, and ought not to be resolved in cases where it may turn out to be moot, unless the advantage is very plain. At least we should regret seeing the procedure become the custom, as it is apparently tending to become in the Southern District of New York.

In the case at bar we see no reason why, if the "continuity" really is a reasonably fair synopsis of the film in words, the judge should see the film, though he may find it easier to test that issue by a direct view. Should it turn out to be a faithful representation, the bill should be dismissed; for we have read all three documents and are in entire accord with the judge's finding that, even though the defendants took from this play all those matters in which the film resembles it, they were within their rights in doing so. We need add nothing to what we have said in Nichols v. Universal Pictures Corp., 2 Cir., 45 F. 2d 119; and Sheldon v. Metro-Goldwyn Pictures Corporation, 2 Cir., 81 F.2d 49. So far as the defendants understand that Shipman v. R. K. O. Radio Pictures, 2 Cir., 100 F.2d 533, changes the doctrine of those cases, they are in error. Some of the language in the minority opinion may be open to that interpretation, but the majority opinion of Judge L. Hand and Judge Swan expressly declared that we did not intend any change, and that alone is authoritative.

Decree reversed; cause remanded.