**EISMAN et al. v. SAMUEL GOLDWYN, Inc., et al.**

District Court, S. D. New York.
Nov. 17, 1939.

Julius Applebaum, of New York City, for complainants Clara Dellar and Robert Louis Shayon.

Dwight, Harris, Koegel & Caskey, of New York City (John Fletcher Caskey and John D. Leggett, Jr., both of New York City, of counsel), for respondents Samuel Goldwyn, Inc., and Samuel Goldwyn.

David L. Podell, of New York City (Mortimer Feuer, of New York City, of counsel), for respondent Eddie Cantor.

O'Brien, Driscoll & Raftery, of New York City, for respondent United Artists Corporation.

MANDELBAUM, District Judge.

The defendants, Samuel Goldwyn, Inc., and Samuel Goldwyn move for an order pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, directing a separate trial upon a single issue in this case.

The suit is one in equity claiming infringement by literary larceny of the plaintiffs' copyright in their play, "Oh Shah!" and the plaintiffs' uncopyrighted version of the same play by the defendants' copyrighted motion picture, "Roman Scandals".

All of the defendants heretofore moved for a dismissal of the complaint and the district court issued a decree dismissing the bill (D.C., 23 F.Supp. 519). On appeal, the Circuit Court of Appeals reversed the decree of the district court and remanded the cause. Dellar v. Samuel Goldwyn, Inc., 2 Cir., 104 F.2d 661, decided June 12, 1939.

The determination of the matter presently before the court depends upon the construction to be given to the language employed by the Circuit Court of Appeals in its decision reversing the decree. I have studied the Circuit Court of Appeals decision and find the language therein contained to be clear and unambiguous. The reversal of the district court was based upon one procedural ground which it declared needed correction. In every other respect, the appellate court was in agreement with the court below. Here is what the Circuit Court said with respect to the procedure adopted, 104 F.2d at page 662:

"The procedure adopted was not permissible. When the defendants produced and filed their 'continuity', the plaintiffs were not bound to accept it as correct. * * * At some stage in the proceedings they were entitled to try out the issue whether it (defendants' continuity) did faithfully represent the film. For this reason the decree must be reversed". (matter in parenthesis by the court)

After this portion of the opinion follows a paragraph which I take to be in the nature of a procedural guide to be followed by judges in proceedings to dismiss copyright complaints on motion. Then follows what I believe to be decisive of the application before the court. The court said, 104 F.2d at page 662:

"In the case at bar we see no reason why, if the 'continuity' really is a reasonably fair synopsis of the film in words, the judge should see the film, though he may find it easier to test that issue by a direct view. *Should it turn out to be a faithful representation, the bill should be dismissed; for we have read all three documents and are in entire accord with the judge's finding that, even though the defendants took from this play all those matters in which the film resembles it, they were within their rights in doing so. * * *"* (Emphasis by the court.)

It appears clear that the court intended that but for one issue (is the defendants' "continuity" really a reasonably fair synopsis of the film in words?) this matter was properly adjudicated by the district court; that it is now the law of the case that the defendants did not infringe even if they did take from the plaintiffs' plays all those matters in which the film resembles it. A new trial of all the issues, such as ownership of copyright, access, copying or use, plagiarism or unfair use resulting in an adverse ruling to the defendants would create the anomalous position of a district court ruling contrary to a finding by both the District and the Circuit Courts.

In Collins v. Metro-Goldwyn Pictures Corporation, 2 Cir., 106 F.2d 83, involving a somewhat similar issue, the Circuit Court, citing this very case said, 106 F.2d

at page 86: "If upon a new hearing the judge should determine that the continuity is a fair representation of the motion picture he should dismiss the complaint. A view of the picture may be the best means of reaching a satisfactory conclusion."

I find therefore that the Circuit Court of Appeals indicated that there be a trial of but one issue.

■■■■■ In addition to the primary objection raised by the plaintiffs to the defendants' motion, two further objections are urged. First, that Rule 42(b) does not contemplate a separate trial for this type of issue. I must reject this contention and hold that the liberality and flexibility of the new rules would clearly embrace an issue like the present one. Second, that Judge Knox, in a pre-trial hearing, in the Collins case, denied a motion for a separate hearing; that this court should accordingly follow the same practice. It appears that counsel in this case abandoned a pre-trial conference before Judge Knox. It seems to me that the ruling in the Collins case does not serve as a precedent for this matter. It may be that Judge Knox refused a severance in the Collins case because of an additional issue of unfair competition left undetermined by the district court and for other reasons not appearing on the record. In addition thereto, that matter was brought before Judge Knox, pursuant to Rule 16 for a pre-trial conference. That rule is procedural in nature in which the judge before whom the matter is brought determines, in his discretion, the most feasible way to proceed with the trial; to eliminate issues from the trial which are unnecessary to a final disposition; to eliminate a cumbersome record. On the other hand, Rule 42(b) seeks to further convenience and to avoid delay.

■■■■■ This court has, as late as November 13th, 1939, granted a motion for a separate trial on the issue of the defense of statute of limitations. The suit was an anti-trust suit. The court there stated that such suits were usually long and protracted, and that considering the time and expense that may be consumed at an actual trial, a determination of this one issue may end the entire litigation. These reasons impelled the court to grant the separate trial. Seaboard Terminals Corp. et ano. v. Standard Oil, et al., D.C., 30 F.Supp. 671. Those reasons advanced there are equally compelling here.

The motion is granted and a separate trial is ordered in accordance with the request contained in item 1a set forth in the defendants' notice of motion. The other relief requested is left to the discretion of the trial judge.

Settle order on two days' notice.