**CHRISTIANSON v. WEST PUB. CO.**

No. 10750.

Circuit Court of Appeals, Ninth Circuit.

April 18, 1945.

T. L. Christianson, of Oakland, Cal., for appellant.

A. W. Boyken, of San Francisco, Cal. (Boyken, Mohler & Beckley, of San Francisco, Cal.), for appellee.

Before GARRECHT, MATHEWS, and STEPHENS, Circuit Judges.

GARRECHT, Circuit Judge.

Appellant brought this action to enjoin appellee from infringing a copyright secured by appellant in 1909 upon a map entitled "Directory Map of the National Reporter System," which copyright was renewed in 1937.

Appellee is engaged in the business of publishing law reports designated as the "National Reporter System," which was conceived by appellee between the years 1879 and 1887. It is a system whereby the United States is divided into seven groups of states, each group appropriately designated, and the state court opinions in the states comprising each group are published in volumes bearing the name of that group.

Appellant makes no claim to having originated the plan nor the title, nor to arranging the states in groups. The only thing original about appellant's map was the use of a map to illustrate the system.

Upon appellee's motion to dismiss, the District Judge, after comparing the two maps which were a part of the record, held that the copyright has not been infringed, dismissed the case on its merits, and entered a final judgment of dismissal.

■ Appellant contends that the District Court erred in disposing of the suit on a motion to dismiss, rather than permitting the issues to be tried. The case upon which appellant relies (Dellar et al. v. Samuel Goldwyn, Inc., et al., 2 Cir., 104 F.2d 661) is easily distinguishable from the case before us.[1] There is ample authority for holding that when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss.[2]

■ From a comparison of the two maps in the case at bar, the District Court found that appellant's map has not been copied by appellee. There is adequate justification for this finding. To constitute infringement there must be a substantial copy of the whole or of a material part of the copyrighted work. The National Reporter System, with state grouping, was conceived by appellee and not by appellant. The outline map of the United States with state boundaries is in the public domain and is not copyrightable.[3] Thus, all that originated with appellant was the idea of illustrating appellee's Reporter System by map, and his own particular arrangement and color scheme. The statutes do not provide for the protection of the

---

[1] In that case the District Judge had before him for comparison with the copyrighted work, not the complete film but a "cutting continuity" and there was no proof that the "continuity" or abbreviated version correctly represented the infringing film. Eisman v. Samuel Goldwyn, Inc., 23 F.Supp. 519. The Circuit Court in that case even stated that "Should it [the synopsis] turn out to be a faithful representation, the bill should be dismissed." 104 F.2d at page 662.

[2] Van Camp Sea Food Co. v. Westgate Sea Products Co., 9 Cir., 28 F.2d 957, certiorari denied 279 U.S. 841, 49 S.Ct. 263, 73 L.Ed. 987; Ornstein v. Paramount Productions, D.C., 9 F.Supp. 896; Lowenfels v. Nathan, D.C., 2 F. Supp. 73.

[3] Andrews v. Guenther Pub. Co., D. C.S.D.N.Y., 60 F.2d 555; Chamberlin v. Bekins Van & Storage Co., D.C.S.D. Cal., 23 F.2d 541; Perris v. Hexamer, 99 U.S. 674, 25 L.Ed. 308.

intellectual conception apart from the thing produced.[4] The copyrighting of an illustration merely precludes another from copying it, not from making his own.

In this case, the only similarity between appellant's map and appellee's map is the fact that an outline map of the United States was used and that the states are grouped according to the "National Reporter System." Neither of these originated with appellant. Appellant's map allocated to each group of states a color and a number, keyed to an explanatory table in the lower left-hand corner. Appellee's map uses an entirely different color scheme and requires no explanatory key since it has designated the groups of states by abbreviations of the grouping provided by its National Reporter System, which are self-explanatory. There are numerous other dissimilarities which need not here be described. It is apparent that appellee did not copy appellant's map, and the judgment of the District Court will not be disturbed.

Affirmed.

4 White-Smith Music Pub. Co. v. Apollo Co., 209 U.S. 1, 28 S.Ct. 319, 52 L. Ed. 655, 14 Ann.Cas. 628; Holmes v. Hurst, 174 U.S. 82, 19 S.Ct. 606, 43 L. Ed. 804.