William F. DUGAN, a.k.a. Duggan F. Williams, Plaintiff,

v.

AMERICAN BROADCASTING CORPO-RATION et al., Defendants.

No. 62–985.

United States District Court

S. D. California,
Central Division.

March 14, 1963.

Gerald A. Sheppard, Los Angeles, Cal., and Gifford, Wyse, Darby & Franciscus, by Mortimer G. Franciscus, Pasadena, Cal., for plaintiff.

Lillick, Geary, McHose, Roethke & Myers by Robert P. Myers and Robert E. Gordon, Hollywood, Cal., for defendants.

CRARY, District Judge.

Defendants seek summary judgment in an action wherein the plaintiff prays for damages based on alleged infringement of copyright on his copyrighted "playlet" or sketch of a program entitled "OPPORTUNITY", as set forth in full as Exhibit 1 to plaintiff's first amended complaint. Exhibit 6 to the complaint appears to set forth an amplication of the basic idea outlined in Exhibit 1, though quite different. No attempt was made to copyright the sketch, Exhibit 6, and it is urged by defendants and conceded by plaintiff's counsel that any relief sought as to use by defendants of an alleged expression of ideas from Exhibit 6, which is entitled "IT'S ME—IS THIS YOU", would have to be sought by way of an action on common law rights for plagiarism or breach of contract but not available in this action.

The question involved is, do defendants' television programs, referred to in more detail hereafter, which were broadcast through the facilities of defendant American Broadcasting Company, infringe plaintiff's copyrighted sketch entitled "OPPORTUNITY", Exhibit 1 to plaintiff's first amended complaint. This question prompts the queries:

1. Do any similarities of ideas in defendants' programs to plaintiff's playlet involve similarities of ideas only or the embodiment of the expression of basic ideas of plaintiff's copyrighted sketch.

2. Now that the allegedly infringing programs are before the court for comparison with plaintiff's copyrighted sketch, can it be said that the television programs of defendants are so dissimilar as to say as a matter of law there is "no substantial similarity at all." Richards v. Columbia Broadcasting System, D.C., 161 F.Supp. 516 (1958) at page 519.

Defendants' programs are as follows: (1) "ABOUT FACES", the only portion of which complained of by plaintiff is that entitled "PLACE THE STAR," sometimes referred to as "PICTURE PAL", which involves the picking of a "picture pal" by a contestant from the audience who later attempts to identify a moving picture star from silhouette and clues given by Ben Alexander, the master of ceremonies. The complete script of the television program "ABOUT FACES", which includes the alleged infringing sketch, appears as Exhibit A to defendants' memorandum and points and authorities in support of motion for summary judgment. The script of announcement by Ben Alexander made by way of explanation of the contest "ABOUT FACES", which includes "PLACE THE STAR" sometimes referred to as "PICTURE PAL", is set forth as Exhibit A to the affidavit, in support of summary judgment, of Joseph Landis, the individual producer of "ABOUT FACES", a television series broadcast by the American Broadcasting Company from November, 1959, through June 30, 1961. It appears from the said affidavit that the "PLACE THE STAR" contest was a part of the "ABOUT FACES" series from May 10, 1961, through June 14, 1962. Scripts of "PLACE THE STAR" contest televised on May 10, 1961, and May 22, 1961, are Exhibits B and C to the affidavit of the said Joseph Landis.

(2) Steve Allen television show which plaintiff contends violated his copyrighted playlet "OPPORTUNITY" was broadcast by the American Broadcasting Company on October 11, 1961. This was a single show and the entire script thereof appears as Exhibit A to the affidavit of Steve Allen in support of defendants' motion for summary judgment.

The above mentioned affidavits and scripts of alleged infringing programs

were not before the court at the time of the hearing of defendants' motion to dismiss plaintiff's first amended complaint, and as the court stated in its order denying said motion, in construing all of the allegations of the first amended complaint most favorably to plaintiff it could not conclude as a matter of law that there was "no substantial similarity at all." Now, however, the court has before it by way of affidavits which have not been refuted, the entire scripts of the television programs of defendants, and a comparison can and has been made by the court with the plaintiff's copyrighted sketch, Exhibit 1 to the first amended complaint. As plaintiff states on page one of his memorandum in opposition to defendants' motion for summary judgment, "In order for plaintiff to prevail there are three elements to be proved; 1. Access, 2. Substantial similarity, and 3. Copying of the work", citing Richards v. Columbia Broadcasting System, D.C., 161 F.Supp. 516, referred to hereinabove. In considering the motion for summary judgment, the court assumes that defendants had access to plaintiff's copyrighted material as well as Exhibit 6 to the first amended complaint.

■ The law is well settled that a copyright protects only the "expression of ideas", not the ideas themselves. Delar v. Samuel Goldwyn, Inc., 150 F.2d 612 (2nd Cir.), Richards v. C.B.S., supra.

In considering a motion for summary judgment, Rule 56(c) of the Federal Rules of Civil Procedure provides, "The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that *there is no genuine issue as to any material fact* and that the moving party is entitled to a judgment as a matter of law." Emphasis ours. As stated in the Richards case, supra, 161 F.Supp. at page 518 of the opinion:

" * * * Thus, it is upon the issue of substantial similarity that the decision of defendant's motion for summary judgment must be based. This similarity is not one of ideas as such, but of the embodiment of these ideas in written or other form since an author cannot obtain a copyright on his ideas apart from their expression. (Citing cases). The fundamental idea of an original work may even be borrowed as long as the specific details of the author's literary efforts are not copies. (Citing cases).

" * * * With respect to radio and television broadcasts, it is perhaps more significant to compare in detail the sequence of episodes which taken together make up the program as a whole * * *."

By a comparison of the programs in the Richards case, as set forth in the opinion, the court there concluded:

" * * * that, as a matter of law, there is no substantial similarity at all between the plaintiff's script and the defendant's program." (161 F.Supp. page 519).

■ This court is frank to say that in its opinion there are more points of similarity in common in the programs involved in the Richards case than in those in the case at bar.

Plaintiff's "OPPORTUNITY", Exhibit 1 to first amended complaint, does not involve a studio audience; it depends on participation of home viewers who watch the gradual opening of the iris or lens in the stage camera in an effort to identify themselves so as to be able to call the studio and declare "It's me." The home viewer receives a prize and can qualify for bonus prizes by answering certain questions about the sponsor or previous programs, or by sending in a box top of the merchandise being advertised.

In "ABOUT FACES", "PLACE THE STAR", or "PICTURE PAL", a studio audience is involved, the contestant being from said studio audience. The contestant picks one photograph from the drum which photograph is placed on an easel on the television stage for a television camera shot. The contestant then

seeks to identify the Hollywood star from his silhouette together with a short statement made by the star. Only ten seconds is allowed for identification. If the contestant is not able to name the star, then a consolation prize is given to the contestant and the picture pal. The picture pal has no part in the program and the person in the photograph (picture pal) is identified over the air by the master of ceremonies.

The only similarities in the television scripts of defendants and plaintiff's "OPPORTUNITY" are:

(1) Persons asked to send in pictures or snapshots with name and address on the back.

(2) Photographs are put in a large container or drum and a photograph is drawn.

(3) A clue is given as to identity (by master of ceremonies in plaintiff's sketch but by Hollywood star as to his identity in "PLACE THE STAR").

(4) A prize is awarded if a correct identification is made (in "PLACE THE STAR" consolation prizes are given if no identification).

The details of the format of plaintiff's "OPPORTUNITY" and the programs of defendants are basically dissimilar "expressions of ideas." Assuming access to defendants of plaintiff's playlet, and even assuming copying by defendants of the ideas of obtaining photographs from the public, selecting one from a drum containing such photographs and possibly awarding a prize, but for different reasons, the similar ideas involved do not create, the court concludes, as a matter of law, a substantial similarity between the plaintiff's script and the defendants programs.

As stated by the court in Christianson v. West Publishing Co., 149 F.2d 202 at page 203 (9th Cir.):

"There is ample authority for holding that when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss."

The Steve Allen television show here involved is a comedy skit, not even a contest, and is in nowise comparable to plaintiff's "OPPORTUNITY."

A comparison of the scripts of defendants with plaintiff's copyrighted playlet evidences the fact that points of essential difference so far outnumber the points of similarity that it does not appear anyone could persuade himself that one was borrowed from the other.

Plaintiff's counsel has argued persuasively, and although courts are reticent to order summary judgments because of the scarcity of cases in which a material fact is not involved, in the instant matter, for the reasons set forth hereinabove, defendants' motion for summary judgment is granted. It is to be noted that after oral argument on October 8, 1962, the court granted defendants' motion to dismiss in part by dismissing plaintiff's claim for breach of contract and for plagiarism, which left at issue the claim for copyright infringement.

Defendants' counsel is requested to promptly furnish the court and opposing counsel with a new title page to its proposed Findings of Fact, Conclusions of Law, etc., setting forth the representation of plaintiff by counsel, for substitution of said new title page for title page of said Findings of Fact, Conclusions of Law, etc., as lodged on January 15, 1963.

Plaintiff will serve and file any proposed amendments to the Findings of Fact, Conclusions of Law, and Order thereon granting defendants' motion for summary judgment as lodged with the court by defendants on January 15, 1963, within seven days from date hereof.