**Kathleen C. CAMPBELL, Plaintiff,**

v.

**The WALT DISNEY COMPANY, et al., Defendants.**

**No. C 09–03005 JW.**

United States District Court, N.D. California, San Jose Division.

May 7, 2010.

Kathleen C. Campbell appeared pro per.

Louis P. Petrich, Abigail A. Jones, Elizabeth L. Schilken of Leopold, Petrich & Smith, P.C., Los Angeles, CA, for defendants.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH PREJUDICE**

JAMES WARE, District Judge.

### *I.  INTRODUCTION*

Kathleen C. Campbell ("Plaintiff"), proceeding in *pro per,* brings this action against The Walt Disney Company, Walt Disney Animation Studios, Disney Press, Walt Disney Feature Animation, Walt Disney Pictures, Disney Enterprises, and Pixar Animation Studios (collectively, "Defendants") alleging Copyright Infringement pursuant to 17 U.S.C. §§ 101, *et seq.,* Unjust Enrichment, and Constructive Trust. Plaintiff alleges that Defendants' motion picture "Cars" unlawfully copied her original screenplay entitled "The Challenge."

Presently before the Court is Defendants' Motion to Dismiss. (hereafter, "Motion," Docket Item No. 32.) The Court conducted a hearing on April 5, 2010.[1] Based on the papers submitted to date and oral argument, the Court GRANTS Defendants' Motion to Dismiss with prejudice.

### *II.  BACKGROUND*

In a Complaint filed on July 6,2009,[2] Plaintiff alleges as follows:

In August 2000, Plaintiff obtained a copyright registration for an original screenplay of fictional material entitled, "The Challenge." (Complaint ¶ 10.) The following year, Plaintiff sent a copy of "The Challenge" to Defendants along with a cover letter containing additional story material for consideration as a commercial film to be produced by Defendants. (*Id.* ¶ 11.) Defendants did not return the copy of "The Challenge" and did not respond in any substantive manner. (*Id.*)

Prior to August 2006, Defendants violated Plaintiff's copyright in "The Challenge" by copying or incorporating its unique story into an animated motion picture entitled "Cars." (Complaint

---

**1.** Although Plaintiff did not file an Opposition, she made a telephonic appearance at the hearing.

**2.** (Complaint for Damages and for Equitable Relief, hereafter, "Complaint," Docket Item No, 1.)

¶ 12.) Defendants' "Cars" is substantially similar, both extrinsically and intrinsically, to Plaintiff's "The Challenge." (*Id.* ¶ 14.)

On the basis of the allegations outlined above, Plaintiff alleges three causes of action: (1) Copyright Infringement pursuant to 17 U.S.C. 101, *et seq.;* (2) Unjust Enrichment; and, (3) Constructive Trust,

Presently before the Court is Defendants' Motion to Dismiss.

### III. STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed against a defendant for failure to state a claim upon which relief may be granted against that defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533–34 (9th Cir.1984). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir.1987). Any existing ambiguities must be resolved in favor of the pleading. *Walling v. Beverly Enters.,* 476 F.2d 393, 396 (9th Cir. 1973).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Al-*

*lain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir.1988). The complaint must plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir.2009). Courts may dismiss a case without leave to amend if the plaintiff is unable to cure the defect by amendment. *Lopez v. Smith,* 203 F.3d 1122, 1129 (9th Cir.2000).

### IV. DISCUSSION

#### A. Copyright Infringement

■ Defendants move to dismiss Plaintiffs claim for copyright infringement on the ground that "Cars" is not substantially similar to any protected expression in "The Challenge."[3] (Motion at 1.)

■ "[W]hen the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss." *Chris-*

---

**3.** As an initial matter, to evaluate Defendants' Motion, the Court grants Defendants' Request for Judicial Notice of the motion picture "Cars" and the written screenplay for "The Challenge" on file with the Copyright Office. (Defendants' Request for Judicial Notice re First Motion to Dismiss Plaintiff's Complaint, Docket Item No. 33.) A court may consider those documents "whose contents are alleged in a complaint and whose authenticity no

party questions, but which are not physically attached to the pleading." *Branch v. Tunnell,* 14 F.3d 449, 454 (9th Cir.1994), overruled on other grounds by *Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir.2002). Here, Plaintiff refers to the contents of the motion picture "Cars" and the text of "The Challenge" in the Complaint but does not attach either as an exhibit. Neither party questions

tianson v. West Pub. Co., 149 F.2d 202, 203 (9th Cir.1945). To establish infringement, a plaintiff must prove (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991). "Absent evidence of direct copying, proof of infringement involves fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir.2000). Even if ownership and access are conceded,[4] the court must still determine whether or not the two works are "substantially similar." *Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157, 1164 (9th Cir.1977) ("*Krofft*").

To determine "substantial similarity" between works that are not literally similar, the Ninth Circuit employs an "extrinsic" and an "intrinsic" test, originated in *Krofft*. *Berkic v. Crichton*, 761 F.2d 1289, 1292 (9th Cir.1985) (citing *Krofft*, 562 F.2d at 1164). The "extrinsic test" depends on specific criteria which can be analyzed and decided as a matter of law. *Krofft*, 562 F.2d at 1164. These criteria focus on "articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters and sequence of events." *Kouf v. Walt Disney Pictures & Television*, 16 F.3d 1042, 1045 (9th Cir.1994) (citing *Berkic*, 761 F.2d at 1292).

The Court examines each of these criteria in turn.

the authenticity of the screenplay or the motion picture.

4. For purposes of the Motion, Defendants do not dispute that Plaintiff owns a registered copyright for "The Challenge" and that Defendants had access to her work. (Motion at 12.)

### 1. Plot

Defendants contend that there is no substantial similarity in the plot of the two works. (Motion at 14.) In particular, Defendants contend that Plaintiff's allegation that the plots are similar because both heroes "get lost in the desert" is incorrect. (*Id.* at 15.)

Here, Plaintiff alleges;

"The Challenge" involves a "4 X 4" off-road racer becoming "lost in the desert," while "Cars" involves a contrived way for a "stock car" normally found on racetracks to become "lost in the desert." In both stories, the plots involve a "cocky kid" who thinks that life is about showing off. After getting lost in the desert, the kids in both stories learn through older experienced mentors (both former champion racers) that life is about friendship and teamwork, not self-centered ego, and both kids lose their races because they take time to help someone else. (Complaint ¶ 14A.)

At a high level of generality, both works are centered on the idea of a cocky young race-car driver (or in the case of "Cars," a race-car driver personified by an animated stock car) who learns life lessons from an older mentor. However, the Court finds this young mentee-older mentor storyline to be a "basic plot idea . . . not protected by copyright law." *See Cavalier v. Random House, Inc.*, 297 F.3d 815, 824 (9th Cir.2002); *Berkic*, 761 F.2d at 1293.[5] The idea that the older mentor

5. *Berkic* established that the "general idea for a story" and "all situations and incidents which flow naturally from a basic plot premise" are not protected against copying. *Berkic*, 761 F.2d at 1293.

In *Cavalier*, the court found that "the general premise of a child, invited by a moon-type character, who takes a journey through the

is a former champion racer "directly flows" from the racing storyline. *See Cavalier*, 297 F.3d at 825.

Moreover, the allegation that the main characters in both stories are "lost in the desert" is contradicted by the two stories themselves. In "The Challenge," the main character enters an amateur Baja race, a seven hundred mile, grueling, off-road race in the desert, hoping to win a $10,000 prize. During the course of the race, the main character gets lost in the desert and battles dehydration, exposure, and the eventual breakdown of his car. In "Cars," on the other hand, the main character is separated from his friends on his way to a race in California. He finds himself in a small desert town where a judge forces him to stay until he repairs the damage he caused when he sped into town. At no point, however, does the main character face the dangers of exposure, dehydration, or death that might be associated with being lost in a desert. Rather, the focus is on the main character's desire to leave the town and finish his race. Thus, the Court finds that the plots of the two stories are not substantially similar.[6]

## 2. Themes

Defendants contend there is no substantial similarity in the themes of the two works. (Motion at 17.) Defendants dispute Plaintiffs characterizations of the themes of each story, stating: " 'Cars' contains the message that it is important to work hard, value friends, thank people, and keep your promises," while "the overriding theme of 'The Challenge' is self-

reliance." (*Id.*) Defendant contends "Cars" contains the additional themes of the importance of giving back to the community and that important life lessons can come from unexpected people. (*Id.*)

Here, Plaintiff alleges:

The main characters learn that life is about friendship and teamwork, not self-centered ego. Both characters learn that winning isn't everything and lose their races to help someone else. (Complaint ¶ 14A.)

■ The Court finds that although the works share themes of self-reliance and the importance of friendship and teamwork, these themes often predominate stories of competition, especially those where the protagonist begins the story as cocky and self-centered, and are thus generic and not protectable. *See Berkic*, 761 F.2d at 1294.[7] Further, the additional themes of "the importance of giving back to the community" and "important life lessons can come from unexpected people" that are present in "Cars" are absent from "The Challenge." Thus, the Court finds no substantial similarity in the themes of the two works.

## 3. Dialogue

Defendants contend that Plaintiff's allegations as to the similarity in dialogue are "so general as to be without value," and thus do not support a finding of substantial similarity. (Motion at 19.) Plaintiff alleges, "[n]umerous similarities exist, including conversations between the racers and their

---

night sky and returns safely to bed to fall asleep," was a "basic plot idea," not protected by copyright law. 297 F.3d at 824.

6. Additionally, since the allegations as to the sequence of events mirror those of the plot, the Court's finding that me plots are not substantially similar applies equally to the sequence of events. (*See* Complaint ¶ 14G.)

7. In *Berkic*, the court found "depictions of the small miseries of domestic life, romantic frolics at the beach, and conflicts between ambitious young people on one hand, and conservative evil bureaucracies on the other," to be "familiar scenes and themes" that are "among the very staples of modern American literature and film," and thus unprotectable. *Id.*

mentors, the racers and the "girls," and the racers and other characters." (Complaint ¶ 14F.)

Notably absent from the Complaint are citations to any specific examples of similarities between the dialogue of "Cars" and that of "The Challenge." Plaintiff instead chooses to generally allege that "conversations" between the main character and other characters, including the mentor and the girl, are "similar." The Court finds that this general allegation does not plead sufficient facts to support a finding of substantially similar dialogue. *See Olson v. National Broadcasting Co., Inc.*, 855 F.2d 1446, 1450 (9th Cir.1988).[8] Thus, the Court finds no substantial similarity between the dialogue in the two works.

### 4. Mood

Defendants contend Plaintiff's allegations that the mood of "The Challenge" is happy and upbeat, and therefore similar to "Cars," is incorrect and does not warrant a finding of substantial similarity. In particular, Defendants contend "[t]he defining mood of 'The Challenge'—which portrays a very troubled teen, his depressed alcoholic father, his hostile high school, an attack by drug dealers, and the hero even chopping off his finger—is by no means one of 'happy, upbeat overtones.'" (Motion at 8.) Plaintiff alleges, "[i]n both stories the mood was one of an exciting 'action-adventure' with happy upbeat overtones expressed through the participants personalities." (Complaint ¶ 14D.)

The Court finds that Plaintiff's allegations as to the mood of "The Challenge" are contradicted by the screenplay. The story involves a down-and-out teenager living in a tragic home life and a dangerous community which he must eventually overcome. "The Challenge" does not contain "happy upbeat overtones," but instead contains violent overtones, in particular in scenes involving drug dealers and the hero chopping off his own finger.[9] Thus, the Court finds the moods of the two stories are not substantially similar.

### 5. Setting

Defendants contend that Plaintiff's allegations regarding the similarity of the settings in the two works are not accurate and do not warrant a finding of substantial similarity. (Motion at 17.)

Here, Plaintiff alleges:

Both stories are set in the desert, an unusual and contrived setting for a stock car race taken from the normal desert setting in "The Challenge" for off-road "4 X 4" races. While both stories include "the girl," "Cars" includes a scene of the kid and the girl on a hill overlooking the city lights taken straight out of "The Challenge." (Complaint ¶ 14C.)

The Court finds the allegation that both stories are "set in the desert" to be vague. In "Cars" the main character finds himself stuck in a town which is surrounded by a desert landscape. In "The Challenge," the main character is literally lost in the desert. The town in "Cars" does not resemble the harsh landscape that the main character is subjected to in "The Challenge," Even though the desert is included in each story, it is merely a backdrop for the town setting in "Cars." By contrast, it is the main setting in "The Challenge," Moreover, the Court finds a romantic scene set on a hill overlooking a city to be "commonplace and unprotectable." *See Berkic*, 761 F.2d at 1294.[10] In addition,

---

**8.** In *Olson*, the court found that the plaintiff failed to allege "the type of extended similarity of dialogue needed to support a claim of substantial similarity." *Id.*

**9.** (*See* Screenplay for "The Challenge," Request Ex. B at 66–78, 103.)

**10.** The court in *Berkic* found that many of the similarities that the plaintiff identified between the two works in question—including

outside of the scenes that include the desert, "Cars" is set at two large racetracks while "The Challenge" is set in a rough neighborhood, a school, and the main character's home and work, Thus, the Court finds no substantial similarity when comparing the settings in the two stories.

### 6. Pace

Defendants contend that Plaintiff alleges only the most generic similarities of pace and incorrectly characterizes the pace of "The Challenge."

Here, Plaintiff alleges:

> In both "The Challenge" and "Cars," the story starts out high-paced as the kids prepare for their races, The pace in both stories then slows as the kids get lost in the desert and learn their life-lessons. The pace in both stories then picks up again to the conclusions as the kids return to their races. (Complaint ¶ 14E.)

An examination of the pace of the two stories reveals no substantial similarity. The time period within which the movie is set is a factor for determining the pace of the movie. *See Capcom Co., Ltd. v. MKR Group, Inc.*, No. 08–0904–RS, 2008 WL 4661479, at *10 (N.D.Cal. Oct. 20, 2008).[11] Here, the events take place over a substantially different time frame. "Cars" begins and ends with exciting races and takes place over the course of a week. In "The Challenge" the main character, while still in high-school, is preparing for a race that takes place the upcoming summer.[12] Further, to the extent Plaintiff alleges that

the action rises and falls in a similar manner in both works, "[p]ace, without more, does not create an issue of overall substantial similarity between the works." *Williams v. Crichton*, 84 F.3d 581, 590 (2d Cir.1996). Thus, the Court finds no substantial similarity in the pace of the two stories.

### 7. Characters

Defendants contend that none of the characters in the two stories are similar beyond the "unprotected generalization that the young heroes are cocky and early on think that life is about 'showing off.'" (Motion at 16.) As an initial matter, the Court recognizes that "The Challenge" involves human characters whereas "Cars" involves animated automobile characters.

■ Here, as discussed above, the Court considers the young mentee-older mentor storyline to be "a basic plot idea." (*See* Complaint ¶ 14B.) The characters which naturally flow from a "basic plot idea" are "scenes-a-faire" not protected by copyright *See Cavalier*, 297 F.3d at 824; *see also Berkic*, 761 F.2d at 1293.[13] Thus, the characters generically labeled in the Complaint only as a "cocky kid" and an "older mentor" are not protected by copyright law. Moreover, the Court does not find anything outside of the two characters' generic cocky attitude to be similar. The main character in "Cars" is famous for his success as an up-and-coming racer at the outset of the story while the main character in "The Challenge" starts the

---

"romantic frolics on the beach"—fell into the category of "unprotected expression," *Id.*

**11.** The court in *Capcom* found no substantial similarity in the pace of two works based partly on the fact that one story progressed entirely over a period of three days while the other took place over many months. *Id.*

**12.** (*See* Screenplay for "The Challenge," Request Ex. B at 14 ("This summer will be the

first Amateur Baja 1000"), 24 ("It's all gonna change after June. I'm going to Baja.").)

**13.** *Cavalier* applied the "scenes a faire" analysis from *Berkic* to the characters. In *Cavalier*, the court found that "a moon character ... directly flows from the idea of a journey through the night sky." *Id.*

story as a down-and-out teenager looking for his place in the world. In addition, the fact that the "older mentor" is a former champion racer is a fact which naturally flows from the racing storyline. Thus, the Court finds that the characters are not substantially similar.

In sum, the Court finds that the two works are not substantially similar as a matter of law. Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's First Cause of Action for Copyright Infringement. Since this defect cannot be cured by amendment, the Court finds that leave to amend is not warranted.

### B. *State Law Claims*

At issue is whether Plaintiff's state law claims survive in light of the Court's finding that Plaintiff cannot state a claim for copyright infringement.

Here, Plaintiff alleges:

> The plaintiff never intended to gratuitously allow these defendants to use her copyrighted material in any form unless just compensation was received by her. (Complaint ¶ 22.) Defendants hold all moneys owed to plaintiff in the form of royalties and all profits earned from the sale of infringing products as constructive trustees for plaintiff's benefit. (*Id.* ¶ 29.)

Based on the allegations above, the Court finds that both of Plaintiff's state law claims are based on her claim of Defendants' unauthorized use of her copyrighted material. In light of the Court's finding that Plaintiff cannot state a claim for copyright infringement, the Court finds that Plaintiff cannot maintain her state law claims.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss Plaintiff's Second and Third Causes of Action. Since it appears that this defect cannot be cured by amendment, the Court finds that leave to amend is not warranted.

### V. CONCLUSION

The Court GRANTS Defendants' Motion to Dismiss all causes of action with prejudice. Judgment shall be entered in favor of Defendants against Plaintiff.