FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAZAN WILD, an individual, DBA Carnival Comics, | No. 11-56065 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-03615-GAF-AJW |
| v. | |
| NBC UNIVERSAL, a Delaware corporation; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted February 4, 2013
Pasadena, California

Before: CALLAHAN, IKUTA, and HURWITZ, Circuit Judges.

Plaintiff-Appellant Jazan Wild appeals the district court's decision

dismissing his copyright infringement and related state law claims against NBC

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

Universal, Inc. and Tailwind Productions, Inc. ("NBC"). Plaintiff contends that the fourth season of NBC's television series *Heroes* infringed his three-part graphic novel, *Jazan Wild's Carnival of Souls* ("*Souls*"). The district court took judicial notice of the two works and dismissed the complaint without leave to amend based on a lack of substantial similarity in their protectable elements. *Wild v. NBC Universal, Inc.*, 788 F. Supp. 2d 1083, 1090 & n.1, 1110-11 (C.D. Cal. 2011). The district court also dismissed Plaintiff's state law claims, finding them preempted by the Copyright Act. *Id.* at 1110-11. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

I.

To prevail on his copyright infringement claim, Plaintiff must show both access and substantial similarity. *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006). To establish substantial similarity, a plaintiff must satisfy both an extrinsic test, focusing on objective elements, and an intrinsic test, focusing an ordinary person's subjective impressions. *Id.* at 1077. Under the extrinsic test, we evaluate dramatic and literary works for "'articulable similarities between the plot, themes, dialogue, mood, setting, pace, characters, and sequence of events' in the two works." *Id.* (citation omitted). The district court analyzed the two works in detail and concluded that "[o]ther than the presence of generic

2

carnival elements and standard scenes that logically flow from those elements, the two works differ radically in their plot and storylines, their characters, the dialogue, the setting and themes, and the mood." *Wild*, 788 F. Supp. 2d at 1090. We have independently reviewed the works and agree.[1]

Plaintiff also contends that the two works are visually similar, juxtaposing a number of screen shots from *Heroes* with individual frames from *Souls*, including depictions of a character approaching a carnival, characters in the house of mirrors, and a view through a gun sight. These images, however, are simply unprotectable "stock scenes" or "scenes a faire" (situations that naturally flow from a basic premise). *See Cavalier v. Random House, Inc.*, 297 F.3d 815, 823 (9th Cir. 2002). Any remaining comparable aspects of these scenes constitute nothing more than "random similarities scattered throughout the works" that are insufficient to support a claim of substantial similarity. *Litchfield v. Spielberg*, 736 F.2d 1352, 1356 (9th Cir. 1984). Consequently, the district court correctly found that – even

---

[1] Although Plaintiff contends that the district court should have given him an opportunity to submit expert testimony in support of his claims, he has never articulated how an expert could assist the court's analysis in the particular circumstances of this case. Although expert testimony is often necessary when evaluating substantial similarity, *see, e.g., Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000), there is no categorical rule prohibiting courts from conducting such an evaluation without it, *see Christianson v. W. Pub. Co.*, 149 F.2d 202, 204 (9th Cir. 1945).

assuming that NBC had access to Plaintiff's work – Plaintiff cannot satisfy the extrinsic test, and consequently, his copyright claim must fail.

II.

Plaintiff further contends that the district court abused its discretion by dismissing his claims without leave to amend. Before the district court, Plaintiff "did not propose any new facts or legal theories for an amended complaint and therefore gave the [district court] no basis to allow an amendment." *Gardner v. Martino*, 563 F.3d 981, 991 (9th Cir. 2009). On appeal, Plaintiff argues that he may be able to allege a number of additional facts all concerning NBC's alleged access to *Souls*. The district court, however, assumed that NBC had access to the work. *Wild*, 788 F. Supp. 2d at 1110. Consequently, any such amendment would have no impact on our analysis. Accordingly, the district court did not abuse its discretion in dismissing Plaintiff's claims without leave to amend.[2]

**AFFIRMED.**

---

[2] Plaintiff initially suggested that the district court improperly dismissed his state law claims, but then failed to support his argument with any analysis in his opening brief. Summary assertions of this nature are not sufficient to preserve a claim for review. *Sullivan v. Dollar Tree Stores, Inc.*, 623 F.3d 770, 776 n.3 (9th Cir. 2010) (citing *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994)).